# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KEYSTONE CAPITAL PARTNERS, INC. d/b/a FEDERAL EMPLOYEE BENEFIT COUNSELORS, CHRISTOPHER S. LAWS, JONATHAN DAX COOKE, DANNY S. HOOD, and BRANDON P. LONG,**<br><br><br>**Defendants.** | **Civil Action File No. 1:17-cv-02873-RWS** |

## <u>PRETRIAL ORDER</u>

### 1.

There are no pending motions before the Court.

### 2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall,

however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

The Commission has asserted claims arising under Sections 10(b), 17(a), and 20 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C §§ 78j(b), 78q(a), & 78t(a))] and Rules 10b-5 and 17a-4(b)(4) promulgated thereunder [17 C.F.R. §§ 240.10b-5 & 240.17a-4(b)(4)], and Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)].  Jurisdiction is based on 15 U.S.C. §§ 78u, 78u-1 and 78aa [15 U.S.C. §§ 77t(b); 77t(d) & 77v(a)].

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:      Kristin W. Murnahan

U. S. Securities and Exchange Commission
950 East Paces Ferry Road, Suite 900

Atlanta, Georgia 30326-1234
Telephone: 404-842-7600
Email: murnahank@sec.gov


Defendants: Stephen D. Councill

COUNCILL, GUNNEMANN & CHALLY, LLC
1201 Peachtree Street NE, Building 400, Suite 100
Atlanta, GA 30361
Telephone: 404.407.5250
Email: SCouncill@cgc-law.com


6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(b)(2)(b)).  State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

None.


7.

The captioned case shall be tried to a jury.


8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages.  State briefly the reasons why trial should or should not be bifurcated.

The parties do not request that the trial be bifurcated.  The jury will determine liability.  The court will determine the appropriate remedies.

3

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions (in addition to the court's standard questions) which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which the plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which the defendants wish to be propounded to the jurors on voir dire examination.

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

**State any objections to Plaintiff's voir dire questions:**

The Court previously sustained Defendants' objection to Plaintiff's voir dire question No. 17.

**State any objections to Defendants' voir dire questions:**

The Court previously overruled Plaintiff's objections to Defendants' voir dire questions Nos. 1 and 11.

The Court previously sustained Plaintiff's objections to Defendants' voir dire questions Nos. 12 and 17.

4

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P.47(b).

None.

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

There is no pending related litigation.

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is Defendants' outline of the case, which includes a succinct factual summary of all general, special, and affirmative

defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendants shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties.  No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case.  It is the duty of counsel to cooperate fully with each other to identify all undisputed facts.  A refusal to do so may result in the imposition of sanctions upon the non- cooperating counsel.

17.

The legal issues to be tried are as follows:

a.  Whether Plaintiff has established by a preponderance of the evidence that the defendants violated the charged anti-fraud statutes and rules by engaging in a fraudulent scheme to induce federal employees to sell the securities in their Thrift Savings Plan funds, and purchase other securities in the form of variable annuities, being sold by Defendants.

b.  Whether Plaintiff has established by a preponderance of the evidence that Defendant Cooke aided and abetted violations by FEBC of the charged anti-fraud provisions, if FEBC committed such violations.

c.  Whether Plaintiff has established by a preponderance of the evidence that Defendant Cooke aided and abetted violations by FEBC of Section 17(a) of the Exchange Act and Rule 17a-4(b)(4) thereunder, which requires that every registered broker or dealer maintain certain business records for a period of not less than three years, if FEBC committed such violations.

d.   Whether Plaintiff has established by a preponderance of the evidence that Defendant Cooke is liable for violations of Section 10(b) of the Exchange Act and Rule 10b-5 as controlling persons of FEBC, pursuant to Section 20(a) of the Exchange Act, if FEBC committed such violations.

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be

reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness. All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial.  Learned treatises which are expected to be used at trial shall not be admitted as exhibits.  Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list. Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge. Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits. Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity. Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits

8

may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial. Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

The Defendants have not changed their previously filed Exhibit list [Doc. 82] and incorporate it hereto by reference. The SEC prepared an amended exhibit list that removes numerous exhibits, but also adds some additional exhibits. The Defendants have agreed to review the amendments and state whether they consent to such amendments and what other objections they have by June 25, 2021. The parties will also review previously stated objections to other exhibits and will meet and confer on such objections by June 25, 2021. To the extent that the parties are unable to resolve those objections, the parties will submit an email to the Court identifying all remaining issues no later than July 2, 2021.

The Court previously ordered the parties to exchange demonstrative and all summary exhibits no later than 21 days before the trial, with objections to be raised no later than 14 days prior to trial.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

Plaintiff's designations:

If Sharon Fuji and/or Ronnie Kerrins are not available to testify live at trial, the Commission intends to introduce the following excerpts from their depositions at trial:

**Sharon Fuji**:

Page 12, lines 6 – 18

Page 13, line 16 – Page 53, line 4

Page 53, line 17 – Page 91, line1

Page 101, lines 9-10

Page 111, line 21 – Page 112, line 15

Page 114, lines 1-9

Page 115, line 14 – Page 116, line 21

Page 139, line 18 – Page 143, line 18

**Ronnie Kerrins:**

Page 8, line 5 – Page 18, line 9

Page 19, line 7 – Page 51, line 23

Page 52, line 18 – Page 105, line 10

Page 105, line 19 – Page 125, line 8

Page 307, line 5 – Page 323, line 20

Defendants' designation**:**

Defendants object to the foregoing designations as hearsay due their being available to appear in court as witnesses.  Defendants would also object to certain statements on other grounds, including lack of foundation and relevance.  Plaintiff has indicated that it expects these witnesses will be available for trial (except Kerrins).  If Plaintiff learns that any of them will not be available, Defendant intends to counter-designate some or all of the following portions of the transcript(s) of the witness (or witnesses) who will not be available to appear at trial.

**Sharon Fuji**:

Page 91, line 2 to the end

**Ronnie Kerrins:**

All

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

The parties are not submitting trial briefs at this time, as they do not believe that such briefing would be helpful.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered.  In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury. Counsel are

directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

The SEC's proposed special verdict form is attached hereto as Attachment I-1. The Defendants previously objected to the SEC's proposed form and offered an alternative form. The Court ruled in favor of the SEC's form. The Defendants maintain their objection to the deficiencies with the SEC's proposed form, as previously stated. The SEC has revised its verdict form to remove the portion of the verdict form concerning Defendant Christopher Laws, who has settled with the SEC.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

The Court previously granted the parties 45 minutes each for opening statements and 45 minutes each for closing arguments.

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

Not applicable.

### 26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on multiple occasions in 2019, to discuss in good faith the possibility of settlement of this case. The court ( __X__ ) has or ( ___ ) has not discussed settlement of this case with counsel. It appears at this time that there is: ( _____ ) A good possibility of settlement. ( ___ ) Some possibility of settlement. ( __X__ ) Little possibility of settlement. ( _____ ) No possibility of settlement.

### 27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

The case is specially set for trial beginning on August 23, 2021.

### 28.

The plaintiff estimates that it will require 8 days to present its evidence, which includes plaintiff's examination of the witnesses it intends to present in its case-in-chief and any cross-examination of the witnesses that defendant presents in its case-in-chief as well as its opening statement and closing argument.  The defendants estimate that it will require 2 days for its examination of the witnesses that the defendants present in their case-in-chief as well as their opening statement and closing argument.  The defendants estimate that cross-examination of the witnesses that plaintiff presents in its case-in-chief will take about the same length of time as their direct examinations.  It is estimated that the total trial time is 18 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case ( X ) submitted by stipulation of the parties[1] or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____14th_____ day of _____June_____, 20_21_.

_____
**J. P. BOULEE**
United States District Judge

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

_/s/ Kristin W. Murnahan_          _/s/ Stephen D. Councill_

Counsel for Plaintiff          Counsel for Defendants

---

1 Although this was submitted by stipulation of the parties, the Court changed Paragraph 26 to read that the Court has discussed settlement with the parties. The discussion occurred at the pretrial conference held on October 2, 2019. [Doc. 84].

## **CERTIFICATION OF COMPLIANCE WITH L.R. 5.1B**

I hereby certify that the foregoing has been computer processed with 14 point New Times Roman Font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1B.

*/s/ Kristin W. Murnahan*
Kristin W. Murnahan

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a true and correct copy of the foregoing document by filing it with the Clerk of Court using the CM/ECF system. That filing system will automatically send e-mail notification of such filing to the registered counsel of record.

This 2nd day of June, 2021.

<u>*/s/ Kristin W. Murnahan*</u>
Kristin W. Murnahan
Senior Trial Counsel

**ATTACHMENT A**

**Parties' Joint Questions Regarding Jurors' Legal Qualifications to Serve**

1.      Is everyone a citizen of the United States?

2.      Is everyone at least 18 years old?

3.      Can everyone read, write, speak and understand the English language? Does anyone have difficulty reading or understanding English?

4.      Is anyone a member of a professional fire or police department?

5.      Is anyone an elected or appointed officer of the federal, state, or local government?  If yes, are you actively engaged full-time in the performance of official duties?

6.      Does anyone have any problems hearing or seeing well enough to serve as a juror?

7.      Has anyone been convicted of, or have a charge pending against him or her, for a crime punishable by imprisonment for greater than one year without having his or her civil rights restored?

8.      Is anyone related by blood or marriage to an employee of the Securities and Exchange Commission?

9.      Is anyone related by blood or marriage to an employee of Keystone Financial or Federal Employee Benefits Counselors?

10.     This case involves a defendant company named Keystone Financial Group d/b/a Federal Employee Benefits Counselors.  Do you have any experience with, or knowledge about either of Keystone Financial Group or Federal Employee Benefits Counselors also known as FEBC? If so, please explain.  Would your familiarity affect your ability to be a fair and impartial juror in this case?

11.     Is anyone related by blood or marriage to an employee of LPL Financial, Prudential, TransAmerica, or Jackson National Life Insurance Company?

12.     Is anyone related by blood or marriage to an employee of the federal government?

13.     Have you, any family member or close friend ever worked for any governmental agency (federal, state, or local)?

      a.  If yes, in what position and what were your/their duties?

      b.  If you or your spouse worked for a federal government agency, do you or your spouse have a TSP account?

14.     Have you or anyone close to you ever purchased a variable annuity, or any other type of annuity?  If yes, please explain the circumstances of the purchase.

15.     Do you have any strong feelings or opinions about the financial services industry or investment professionals that might influence your ability to be a fair and impartial juror in this case? If so, please explain.

16.     Have you or any members of your immediate family ever bought or sold securities (*i.e.*, stocks, bonds, notes, options, etc.)?

     a.  If yes, was it part of a 401(k) or other work retirement plan, or were they personal investments?

     b.  If so, do you or they trade regularly or only on an occasional basis?

     c.  If so, do you or they trade directly or rely on a broker or a 401k-type manager?

The Parties jointly request permission to supplement this attachment as needed up to 14 days before trial.

## ATTACHMENT B-1

### PLAINTIFF'S QUESTIONS TO BE PROPOUNDED TO THE JURORS ON *VOIR DIRE* EXAMINATION

1. Where were you born and raised?

2. Have any of you or a member of your family or a friend or relative ever worked for the Securities and Exchange Commission, the SEC, or any other local, state or federal agency?

3. Do you have any relatives or close friends who have worked as accountants, financial advisors, or for a securities brokerage firm? If so, what is or was their profession and what is their relationship to you?

4. Has anyone ever sold insurance products?

5. What charitable, civic, social, union, professional, fraternal, political, recreational or religious organizations do you and/or your significant other volunteer for; belong to; participate in; donate money, time or services to; or hold offices in?

6. Which newspapers, television programs, news magazines, radio programs, or internet sites do you get your news from?

7. Do you watch financial news programs or networks (for example, CNBC, Bloomberg, or Fox Business) or visit financial news websites (for example, The

Wall Street Journal, Bloomberg.com, Forbes.com, etc.) or read the financial/business news (for example, the business pages of your local newspaper) on a regular basis? If so, please describe.

8.     Have you ever followed news or information relating to the stock markets or particular stocks or securities? If so, please describe.

9.     Have you, or any close relatives or friends, ever had any significant problems with any State, County, or City department, agency, or office, including the Internal Revenue Service (IRS) or the Securities and Exchange Commission (SEC), and including any claims or lawsuits or any problems with any law enforcement agencies? If so, please describe.

10.     Have you, or any close relatives or friends, ever appeared as a witness before any Federal or State court, grand jury, or government body or agency? If so, please describe.

11.     Do you feel that you might give more or less weight to argument or evidence presented by the Federal body or agency than by an ordinary citizen? If so, please explain.

12.     Trial in this case is expected to last approximately ten business days or two weeks.  Would serving as a juror on this case cause any hardship for you?

13.     This case may include evidence about several companies who are not

2

defendants in this litigation, including LPL Financial, Prudential, TransAmerica and Jackson National Life Insurance Company. Do you have any experience with, or knowledge about any of these companies? If so, please explain. Would your familiarity affect your ability to be a fair and impartial juror in this case?

14.     Have you, or any member of your family, or any of your friends had any experience with any law enforcement officer or other government agency or official, including the SEC, which might influence your consideration of the evidence in this case?

15.     Do you assume that if the government or a government agency like the SEC has brought a case, the defendants must have done something wrong?

16.     Do you have any training or experience in securities brokerage activities, securities law, securities regulation, finance, investment banking or the law? If so, what is it?

17.     The function of the jury is to decide questions of fact. You are the sole judges of the facts entrusted to you. However, when it comes to the law, you must take your instructions from the Court and you are bound by those instructions. You may not substitute your notions of what the law is or what you think it should be. At the conclusion of the case, your job will be to determine whether the SEC has proved its case as charged in the Amended Complaint. If the SEC proves its case,

3

can you assure us that you will find for the SEC? If the SEC does not prove its case, can you assure us that you will find for the defendants? If you have any concern about following those instructions, please let me know.

18.    This case is important to the SEC and the defendants alike. If you are selected to serve on this case, you are required to be fair and impartial. Is there anything else about you, your background, or your personal circumstances that you believe the Court and the lawyers should be aware of when selecting a jury for this case?

19.    Is there any matter you would prefer to discuss privately? If so, please raise your hand.  If you raise your hand and would prefer not to give any further information in open court, please say so, and we will talk at the bench.

**ATTACHMENT B-2**

<u>DEFENDANTS' QUESTIONS TO BE PROPOUNDED TO THE JURORS ON</u>
<u>*VOIR DIRE* EXAMINATION</u>

1.      Are you currently in school?  If yes, what is your major or area of study?
What kind of degree are you working towards?  If you are not currently in school,
what degrees do you hold?  Any area of concentration?

2.      Have you ever taken courses or had any training, experience, or
employment in the following areas; if yes, please explain if it was a class or two,
part of employment training, or an area of specialization:

- accounting?  If so, are you a Certified Public Accountant?

- finance?

- law?

- the stock market?

- investing?

     a.  If so, do you hold a Securities License?

3.      Are you now or have you or a family member ever been employed in
any of the following areas:

- banking?

- investing?

- accounting?

- other area of finance?

- real estate?

4.     Have you ever held a job where you were responsible for analyzing or placing a value on property, stocks, bonds, or other investments?  If yes, please explain.

5.     Are you or have you ever been a member of a labor union?

6.     Have you or a member of your immediate family ever owned a business?  If yes, please explain.

7.     Have you or anyone close to you ever been adversely affected by a retirement plan?  If yes, please explain.

8.     Have you or anyone close to you ever made decisions about investments for retirement?  If yes, please explain.

9.     Have you or anyone close to you ever been adversely affected by an investment decision?  If yes, please explain.

10.     Have you or anyone close to you ever been adversely affected by a banker, financial adviser or stock broker?  If yes, please explain.

2

11.     Have you seen or heard anything in the media or in conversations about LPL Financial, Keystone Capital Partners, or Federal Employee Benefits Counselors?  If yes, please explain.

12.     Have you ever been accused of something that you did not do?  If yes, did you have to go to court to defend yourself?   If so, were you successful in concluding the lawsuit?  Even if you did not have to go to court, were you successful in proving that you did not commit the act you were accused of?

13.     If you previously served on a jury, do you feel that your experience serving on a jury will affect in any way your ability to render a fair and impartial verdict in this case?

14.     Have you, any family member, or a close friend ever worked for an attorney, law firm, judge, or court?  If yes, please explain.

15.     Do any of you know any of the other potential jurors here today?

16.     Are there any reasons that might cause you to favor a company over an individual; or an individual over a company?

17.     In this case, the government is suing a corporation and its owners.  We, as individuals, sometimes relate better to people rather than to business entities, such as a corporation.  Is there anyone here who does not understand that a corporation is entitled to a fair trial under the law the same as an individual?

3

18.     Is there any reason why as a juror, you would not be able to accord the corporation the same rights and consideration that you would accord an individual defendant?

19.     Does anyone believe that the plaintiff in a lawsuit should always win just because he, she or it is the plaintiff?  Does anyone believe that the defendant in a lawsuit should always win just because he, she or it is the defendant?

20.     Does anyone believe that the government should always or usually win just because it is the plaintiff?

21.     Does anyone believe that the government would not file a lawsuit unless the defendant was in fact liable?

22.     Does anyone believe that the government should receive the benefit of the doubt?

23.     Does anyone believe that the government is more credible than a private citizen?

24.     Does anyone believe that an institution is more credible than an individual?

25.     Will you be able to keep an open mind until the conclusion of all of the evidence and render a decision based on the evidence alone?

26.     Do you have any strong opinions about our civil justice system?  If yes, please explain.

27.     Do you have any feelings about the financial services industry or investment professionals that might influence your ability to be a fair and impartial juror in this case?

28.     Have you or anyone close to you ever hired a stock broker or financial planner?  If so, please describe the nature of that retention.

29.     Do you know what a variable annuity is?  If yes, please explain how you are familiar with variable annuities.

30.     Do you have, or does any family member have, experience with the management of a retirement plan?

31.     Do you consider yourself knowledgeable about the securities market in general?  If yes, please explain.

32.     Do you consider yourself knowledgeable about financial products?  If yes, please explain.

33.     Will each of you be willing and able to treat the Plaintiffs and all Defendants with equal fairness and justice and return a verdict which speaks the truth as you find it to be from the evidence?

34.     Are there any religious or other personal reasons we have not already discussed that might cause you to be unable to render a fair and impartial verdict in this case?  If yes, we can follow up with you privately if you prefer.

35.     If you were one of the parties in this lawsuit, is there any reason that you would not want yourself as a juror?  If yes, we can follow up with you privately if you prefer.

36.     Is there anything that we have not asked you about that you feel would make it difficult for you to serve as a juror in this case?  If yes, we can follow up with you privately if you prefer.

## ATTACHMENT C

PLAINTIFF'S OUTLINE OF THE CASE

## FACTUAL SUMMARY

This is a civil enforcement action brought by the Commission against Defendants Keystone, Laws, Cooke, Hood and Long.  Hood and Long have reached settlements with the Commission as to liability and only remedy issues, to be decided by the Court, remain open as to them.  Laws has reached a settlement with the Commission resolving all of its claims against him.

The Complaint alleges that Defendants violated the federal securities laws by fraudulently inducing federal employees to rollover their federal retirement accounts (referred to generally as the Thrift Savings Plan or TSP), to purchase variable annuity products promoted by Defendants.

Defendants' scheme involved a variety of fraudulent practices designed to create the impression that Defendants were affiliated in some way with the federal government, and to conceal that they, in fact, were employees of a securities broker-dealer selling products with higher costs, commissions for themselves, and restrictions on withdrawals, among other things.  Defendants' sales effort was promoted under the banner of an entity identified as Federal Employee Benefits Counselors ("FEBC"), a d/b/a of Keystone.  FEBC was controlled by Cooke and

Laws.  Defendant Cooke was also an associated person of LPL Financial, a securities brokerage firm thru which Defendants sold the annuities at issue. Keystone functioned as an office location of LPL.

Defendants used FEBC to prospect for variable annuity customers among federal employees who had initially been contacted by FEBC for "benefits counseling."  Motivated by the prospect of high commissions, Defendants targeted federal employees age 59.5 and over and with significant TSP account holdings that could be rolled over on a tax-free basis into variable annuities held in qualified plans at annuity issuers.  Both the liquidation of TSP accounts and the purchase of variable annuities constituted securities transactions.  During the relevant period, Defendants FEBC and Cooke, along with the Settling Defendants, sold approximately 200 variable annuities with a total face value of nearly $43 million to federal employees who used monies rolled over from their TSP accounts to fund their purchases. Defendants and the Settling Defendants collectively earned approximately $1.7 million in commissions on these sales.

Defendants used a variety of fraudulent devices in their scheme.  Among other things, they used federal symbols on promotional documents, called themselves "federal employee benefits counselors", and generally deflected direct questions, and in some instances, directly lied, when asked if they were affiliated

2

with the federal government.  Defendants used evaluation questionnaires that appeared to be federal documents.  Defendants provided federal employees with forms that purported to be TSP forms, designed to transfer the employees' funds. Unbeknownst to the employees, the defendants altered the form package, and included signature pages from multipage account applications used by LPL Financial, a brokerage firm, to open accounts at that firm. Essentially, the federal employees were tricked into opening brokerage accounts by brokerage employees who did not disclose their affiliation or that they would be earning a commission from the sale of a variable annuity.  In numerous cases, Defendants also failed to provide investors with a product prospectus, or all or any pages of the broker-dealer Variable Annuity Form.  Moreover, after the funds were transferred, Defendants failed to send the annuity contract to several investors.

Defendants falsely advised some federal employees that the employees were not permitted to remain in the TSP after retirement and falsely represented to those employees that they were required to remove their funds from the TSP upon retirement.  Defendants also misled LPL concerning their practices, and concealed from LPL the vast majority of their email communications with customers. Defendants also falsified information provided to LPL.  For example, Defendants misrepresented the net worth or income of some of the customers, to cause LPL to

approve the annuity purchases. Defendants further concealed their misconduct from LPL by, among other things, using their FEBC email and mailing addresses for related customer communications, and, for at least some of these sales, making false entries in the firm's annuity order entry system. Defendants also misled insurance companies, including Jackson National, as to sales practices used by Defendants to sell insurance products.

Defendants further misled investors concerning the recommended investment being a privately-issued variable annuity that was separate and apart from the TSP and the federal government. Defendants prepared "TSP Reports" for investors that misleadingly depicted the variable annuity product they were offering as related to the TSP in the same manner as the life annuity product purchased by the TSP from the TSP's annuity vendor on behalf of the TSP participant. These TSP reports also contained language and insignia that led investors to believe that Defendants were affiliated with the federal government.

Defendants further misrepresented or concealed to investors the considerable additional costs associated with the variable annuity product as compared to the TSP life annuity or the federal employee's taking monthly payments from the TSP upon retirement. These undisclosed additional costs include mortality, expense, and administration fees of around 1.3 percent annually, a rider fee of 1.25 to 1.5

percent annually, fees imposed by the underlying mutual funds of around 1 percent

annually, and a surrender-fee schedule requiring the customer to surrender up to

8.5 percent of any funds withdrawn from the investment during the first seven

years.  Despite the surrender fees associated with the variable annuity product,

Defendants touted the product as offering liquidity.

## **RELEVANT LAW**

Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15

U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Section

17(a) of the Securities Act [15 U.S.C. §77(q)(a)]  prohibit (1) any scheme or

artifice to defraud, (2) the making of materially false and/or misleading statements

and (3) any transaction, practice or course of conduct that operates or would

operate as a fraud or deceit upon the purchaser, in connection with the purchase or

sale, or in the offer or sale, of any security.  Section 20(a) of the Exchange Act (15

U.S.C. §78t(a)] imposes liability on persons who control entities which violate the

Exchange Act.  Section 17(a) of the Exchange Act [15 U.S.C. §78(q)(a)  and Rule

17a-4(b)(4) [17 C.F.R. § 240.17a-4(b)(4)] require broker-dealers to maintain

copies of all communications, sent or received, related to its business for a period

of  not less than three years.

If the Court determines that Defendants violated the above provisions of the

federal securities laws, the Court may issue an injunction prohibiting future violations.  15 U.S.C. § 78u(d)(2).  The Court, pursuant to its general equitable powers, may also require disgorgement of any ill-gotten gains from insider trading and prejudgment interest thereon.  *See*, *e.g.*, *SEC v. Calvo*, 378 F.3d 1211, 1217 (11th Cir. 2004); *SEC v. First Jersey Securities, Inc.*, 101 F.3d 1450 (2d Cir.1996).  The Court also may award a civil penalty.

## **ILLUSTRATIVE CASES AND STATUTES**:

Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 [17 C.F.R.§240.10b-5] thereunder;

Section 17(a) of the Securities Act [15 U.S.C. §77(q)(a)] and Rule 17a-4(b)(4) [17 C.F.R. § 240.17a-4(b)(4)]

*Lorenzo v. SEC*, 139 S.Ct. 1094 (2019)

*Basic v. Levinson*, 485 U.S. 224 (1988)

*TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438 (1976)

*Aaron v. SEC*, 446 U.S. 680 (1980)

*SEC v. Monterosso*, 756 F.3d 1326 (11th Cir. 2014)

*SEC v. Merch. Capital, LLC*, 483 F.3d 747 (11th Cir. 2007)

*Janus Capital Grp., Inc. v. First Derivative Traders*, 131 S. Ct. 2296 (2011)

*SEC v. Big Apple Consulting USA, Inc.*, 783 F.3d 786 (11th Cir. 2015)

*SEC v. Radius Capital Corp.*, 653 F. App'x 744 (11th Cir. 2016)

*In re Dennis J. Malouf,* Admin. Proc. File No. 3-15918, Exchange Act Rel. No. 78429, 2016 WL 4035575 (July 27, 2016) (Commission opinion), appeal docketed, No. 16-9546 (10th Cir. Sept. 8, 2016)

*Weiss v. SEC*, 468 F.3d 849 (D.C. Cir. 2006)

*United States v. Finnerty*, 533 F.3d 143 (2d Cir. 2008)

*Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006)

*SEC v. Mantria Corp.,* No. 09-CV-02676, 2011 WL 3439348 (D. Colo. Aug. 5, 2011)

*SEC v. McDuffie*, No. 12-cv-02939, 2014 WL 4548723 (D. Colo. Sept. 15, 2014).

*SEC v. Zandford*, 535 U.S. 813 (2002)

*SEC v. Torchia*, 183 F. Supp. 3d 1291 1320 (N.D. Ga. 2016)

*SEC v. Dain Rauscher, Inc.*, 254 F.3d 852 (9th Cir. 2001)

*Thompson v. Smith Barney, Harris Upham & Co.,* 709 F.2d 1413 (11th Cir. 1983);

*SEC v. Betta,* No. 09-80803-Civ., 2011 WL 4369012 (S.D. Fla. Sept. 19, 2011).

*McMahan & Co. v. Wherehouse Entm't, Inc.,* 900 F.2d 576 (2d Cir. 1990), cert. denied, 501 U.S. 1249 (1991)

*Greenapple v. Detroit Edison Co.,* 618 F.2d 198 (2d Cir. 1980)

*SEC v. Morgan Keegan & Co*., No. 1:09-cv-1965, 2013 WL 10944536 (N.D. Ga. Feb. 15, 2013)

*SEC v. U.S. Pension Trust Corp.,* No. 07-22570-CIV, 2010 WL 3894082 (S.D. Fla. Sept. 30, 2010).

*SEC v. Goldstone*, 952 F. Supp. 2d 1060 (D.N.M. 2013)

*Harrison v. Dean Witter Reynolds, Inc.,* 974 F.2d 873 (7th Cir. 1992)

*SEC v. Imperali*, 594 F. App'x 957 (11th Cir. 2014)

*SEC v. Drexel Burnham Lambert Inc.,* 837 F. Supp. 587 (S.D.N.Y. 1993), aff'd sub nom.

*SEC v. Posner*, 16 F.3d 520 (2d Cir. 1994), cert. denied, 513 U.S. 1077 (1995)

*SEC v. Miller*, 744 F. Supp. 2d 1325 (N.D. Ga. 2010)

*SEC v. Calvo*, 378 F.3d 1211 (11th Cir 2004)

*SEC v. Commonwealth Chem. Secs., Inc.*, 574 F.2d 90 (2d Cir. 1978)

*SEC v. Tome*, 638 F. Supp. 638 (S.D.N.Y. 1986), aff'd, 833 F.2d 1086 (2d Cir. 1987), cert. denied, 486 U.S. 1014 (1988)

## STATEMENT OF DAMAGES

The Commission does not seek "damages" from the defendants in the same sense that they are typically sought in non-enforcement private actions.  Rather, the Commission seeks disgorgement from the defendants of the ill-gotten gains received from their unlawful conduct.

The Commission seeks disgorgement of the Defendants respective profits (essentially their respective shares of the commissions received for selling the securities to the victims) from the scheme.  Additionally, the Commission seeks prejudgment interest on the disgorgement amount from the dates of the violations until the date of the judgment.

Finally, the Commission seeks civil penalties against the defendants.

## ATTACHMENT D

## DEFENDANTS' OUTLINE OF THE CASE

Defendants did not commit any of the alleged violations. The factual representations made by Defendants to their customers, which Plaintiff now alleges were false and misleading, were not in fact false or misleading. Any inaccuracies in the representations or omissions were not material. Defendants did not act with intent to defraud and did not act negligently.

In particular, Defendants believed that appropriate disclosures were made in connection with their sales of variable annuities. Each customer received information through oral conversations and documents that disclosed each of the items required to be disclosed, including that customers were buying a variable annuity, that Defendants worked for a broker-dealer (not the federal government), and that the products had withdrawal restrictions.

Defendants used American symbols in their marketing materials as part of their branding strategy. Others in the industry do the same. Defendant Cooke did not lie about his lack of affiliation with the federal government, and was not aware that any of the other defendants who have now settled with the Commission may have lied at the time.

Defendants believed that all customers received adequate information explaining the products they sold, and they never tried to "trick" anyone. Defendants believed that the brokerage firm sent a welcome letter to each new customer

1

explaining they had opened a brokerage account. Defendants believed that the annuity company sent a welcome letter explaining that each customer had purchaseda product from that carrier. Defendants believed each customer received a copy of the contract, which explained in detail all of the features of the product, specifically including the facts the Commission alleges were not disclosed. Defendants also believed that each customer received a prospectus, either paper or electronic.

Defendants never misrepresented to federal employees the limitations the TSP plan imposes on retirees after retirement, including whether they can remain in the TSP.

Defendants did not disclose the amount of commissions they earned because the SEC did not require such disclosure, and industry practice is not to disclose theamount of commissions.

The disclosures made to customers came in one or more forms, including the contract, the prospectus, oral conversations, supplemental disclosure forms, and through other means. Appropriate disclosures were made even in instances wherenot all of these methods of communication were used. All relevant information was known or made available to customers through the total mix of information availableto them. Defendants reasonably believed the disclosures they did make were accurate and not misleading. Defendants reasonably believed that appropriate disclosures were made to each customer through at least one of the foregoing forms, and any failures to make adequate disclosures were not the result of intentional or reckless misconduct.

2

Finally, Defendants did not, directly or indirectly, engage in acts, practices, and courses of business which constituted or will constitute violations of Section17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)]; Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder [15 U.S.C. § 78j(b) and17 C.F.R. § 240.10b-5], and further that they will not in the future engage in any acts, practices, and courses of business that constitute violations, and therefore, noinjunction by this Court is necessary or appropriate.

Defendants set forth below relevant and illustrative  legal  authority supporting their defenses based upon Plaintiffs' inability to meet their burden of proof with respect to establishing certain prima facie elements of their claims: i.e., (1) a material misstatement or omission; and (2) negligence or scienter on the part of Defendants.

## RULES, REGULATIONS, STATUTES, ORDINANCES, AND CASE LAW RELIED UPON AS CREATING A DEFENSE

### **Statutes, Rules and Regulations**

The Plaintiff alleges that Defendants violated Section 17(a) of the SecuritiesAct of 1933 [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]. Plaintiff contends Defendants are also liable for aiding and abetting others' violations of these provisions, and are liable as control persons under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a).

3

**Illustrative Case Law**

The Supreme Court's and other courts' interpretations of these statutes and rule will also be applicable to this action, particularly with regard to the Court's holdings that a plaintiff alleging violations of these provisions must demonstrate "materiality" and "scienter."

Scienter is required to prove a violation of Section 10(b), Rule 10b-5, and Section 17(a)(1) while Sections 17(a)(2) and (a)(3) are proven by showing a defendant acted at least negligently. *SEC v. Shanahan*, 646 F.3d 536, 541 (8th Cir. 2011) (citing *Aaron v. SEC*, 446 U.S. 680, 695, (1980)); *SEC v. True North Fin. Corp.*, 909 F.Supp.2d 1073, 1122 (D. Minn. 2012). Scienter requires proof of intent to deceive or severe recklessness. *Id.* at 543.

The Supreme Court has emphasized that the language of § 10(b) itself, and particularly "[t]he words 'manipulative or deceptive' used in conjunction with 'device or contrivance' strongly suggest that § 10(b) was intended to proscribe knowing or intentional misconduct." Ernst & Ernst v. Hochfelder, 425 U.S. 185, 197 (1976). A party's fraudulent intent, defined as "a mental state embracing intent to deceive, manipulate, or defraud," is the touchstone of a violation under Sections 10(b) and 17(a)(1). Id., at 193 n.12 (1976).

The Supreme Court in Hochfelder declined to reach the question of whether, and when, "recklessness" could be sufficient to satisfy the scienter requirement, but the Court did observe that "[i]n certain areas of the law recklessness is considered to

4

be a form of intentional conduct for purposes of imposing liability for some act." Hochfelder, 425 U.S. at 193 n.12.  Since Hochfelder, the federal Courts of Appeals have held that "severe recklessness" can suffice to satisfy the scienter element of Rule 10b-5.  See, e.g., Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1282 (11th Cir. 1999).  "Severe recklessness is limited to those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it."  Id. at 1282 n.18.

Critically important with respect to the present case, "recklessness" does not mean negligence. Ernst & Ernst v. Hochfelder, 425 U.S 185, 201-06 (1976).  Not even "inexcusable" negligence will suffice. Sundstrand Corp. v. Sun Chem. Corp., 553 F.2d 1033, 1045 (7th Cir. 1977). "Rather than being 'merely a greater degree of ordinary negligence,' recklessness is closer to 'a lesser form of intent.'" McDonald v. Alan Bush Brokerage Co., 863 F.2d 809, 814 n.10 (11th Cir. 1989) (quoting decisions from the Seventh and Ninth Circuits).  Accord Huddleston v. Herman & MacLean, 640 F.2d 534, 545 (5th Cir. Unit A 1981), modified on other grounds, 459 U.S. 375 (1983) (approving jury instruction that scienter could be established by proof of "conduct which is so extreme as to be a form of intentional conduct or behavior equivalent to an intent to deceive, manipulate or defraud").

To prove scienter with respect to a non-disclosure, it is not enough to simply show that the defendant was aware of an undisclosed fact that a court later determines is material. *SEC v. Gane,* No. 03-61553-CIV-SEITZ, 2005 WL 90154, at *15 (S.D. Fl. Jan. 4, 2005) (internal citations omitted); *see also, SEC* v. *Patty*, 891 F.2d 295, 295 (9th Cir. 1989) (stating that "the question is not merely whether [the defendant] had knowledge of the undisclosed facts; rather, it is the danger of misleading buyers that must actually be known or so obvious that any reasonable man should be legally bound as knowing.") (internal citations omitted)). Rather, a plaintiff must show that the defendant must have been aware of both the materiality of the undisclosed fact and that its nondisclosure would likely mislead investors. *Id.* An investor may not justifiably rely on their own mistaken assumption, particularly if, through minimal diligence, the investor should have discovered the truth." *Hunt v. Alliance N. American Govt. Income Trust, Inc*., 159 F.3d 723, 730 (2d Cir. 1998) (citing *Brown v. E.F. Hutton Group, Inc.*, 991 F.2d 1020, 1032 (2d Cir.1993)).

With respect to Sections 17(a)(2) and (a)(3), although the SEC need not establish fraudulent intent, it still must demonstrate the existence of negligence,defined as a departure from the standard of reasonable care. *Aaron v. SEC*, 446 U.S. 680, 687-91 (1980). The reasonableness of conduct must be judged in light of the customs and practices of others in similar circumstances at the time the conduct occurred. *See Cherokee Ins. Co. v. E.W. Blancho*, 66 F.3d 117, 123 (6th Cir. 1995) (insurance broker "acted in accordance with practices customary in the industry at the time"); *Ward v.*

*Hobart Mfg. Co.*, 450 F.2d 1176, 1182 and n.16 (5th Cir. 1971)(design of product consistent with industry practices at the time); Restatement (Second) of Torts § 295A. Compliance with industry standards is a factor (although not dispositive) in determining whether a party met the appropriate standard of care in cases under the securities laws. *See Vernazza v. SEC*, 327 F.3d 851, 861 (9th Cir. 2003) ("relevant to show standard of care necessary to a recklessness inquiry"); *Messer v. E.F. Hutton & Co.*, 847 F.2d 673, 679 (11th Cir. 1988) (same); *Coates v. Heartland Wireless Commn's, Inc*., 100 F. Supp. 2d 417, 425 n.6 (N.D. Tex. 2000) (absent contrary evidence, a defendant who follows industry practices is not liable for fraud under 10(b)); *In re Piper Capital Mgmt., Inc.*, SEC Rel. No. 2163, 2003 WL 22016298, at *8 (Aug. 26, 2003) ("compliance with industry standards is a consideration").

In order to prove a case for aiding and abetting violations of Section 10(b) and Rule 10b-5, "another party must have violated the securities laws, the alleged aider-abetter must be generally aware of his role in the improper activity, and he must knowingly render substantial assistance." *Woodward v. Metro Bank of Dallas,* 522 F.2d 84, 95 (5th Cir.1975); *see also, Schneberger v. Wheeler,* 859 F.2d 1477, 1480 (11th Cir.1988) (citing *Woodward*). Federal courts have held that when the assisting conduct reflects only "the daily grist of the mill," liability arising from a violation of Rule 10b-5 requires "clear proof of intent to violate the securities laws." *Woodward,* 522 F.2d at 97. "Knowledge of both the fraudulent scheme and of one's own role in that scheme is required to satisfy the test for aider and abettor liability." *Schneberger*,

7

859 F.2d at 1480. "Knowledge may be shown by circumstantial evidence, or by reckless conduct, but the proof must demonstrate actual awareness of the party's role in the fraudulent scheme." *Abrams & Wofsy v. Renaissance Inv. Corp.,* 820 F. Supp. 1519, 1528 (N.D. Ga. 1993) (internal citations and quotations omitted). The scienter requirement is satisfied by the same "severe recklessness" standard applicable in 10b-5 claims. *Id.*

For alleged violations under Section 20(a) of the Exchange Act, a plaintiff must show that (1) the controlled party violated § 10(b); (2) the defendant "had the power to control the general affairs of the entity primarily liable at the time the entity violated the securities laws" and (3) the defendant "had the requisite power to directly or indirectly control or influence the specific corporate policy which resulted in the primary liability." *Brown v. Enstar Group, Inc.,* 84 F.3d 393, 396 (11th Cir.1996) (internal citations and quotations omitted). "A defendant is not liable as a control person under § 20(a) unless a primary violation of the securities laws is proved." *In re Spectrum Brands, Inc. Sec. Litig.,* 461 F. Supp. 2d 1297, 1307 (N.D. Ga. 2006). In addition, the control person must have "acted recklessly in failing to do what he could have done to prevent the violation." *G.A. Thompson & Co. v. Partridge*, 636 F.2d 945, 960 (5th Cir. 1981).

Defendants' statements about the products they sold included forward-looking projections that were not statements of historical fact but, rather, were predictions of

8

future events. Such statements can constitute violations of the anti-fraud provisions of the federal securities laws only if there was no reasonable basis for the projection at the time it was made. Courts have held that statements of expectation and belief are actionable if "(1) the statement is not actually believed, (2) there is no reasonable basis for the belief, or (3) the speaker is aware of undisclosed facts tending seriously to undermine the statement's accuracy." Kaplan v. Rose, 49 F.3d 1363, 1375 (9th Cir.1994) (quoting In re Wells Fargo Sec. Litig., 12 F 3d 922 930 (9th Cir.1993), cert. denied, 513 U S 917, 115 S Ct 295, 130 L Ed 2d 209 (1994); In re Apple Computer Sec. Litig., 886 F 2d 1109 1113 (9th Cir.1989), cert. denied, 496 U S 943, 110 S.Ct. 3229, 110 L.Ed.2d 676 (1990)).  See also In re International Business Machines Securities Litigation, 163 F.3d 102 (2d Cir. 1998); Mercury Air Group, Inc. v. Mansour, 237 F.3d 542, 547 (5th Cir. 2001); In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1431 (3d Cir. 1997); Kowal v. MCI Communications Corp., 16 F.3d 1271 (D.C. Cir. 1994); Stransky v. Cummins Engine Co., Inc., 51 F.3d 1329 (7th Cir. 1995).  "Expressions of optimism" that do not pan out as hoped are not violations so long as they were honestly and in good faith believed. Int'l Bus. Machines, at 110.

The assessment of whether a forward looking statement is fraudulent should not be made with the benefit of hindsight. Hillson Partners Ltd. Partnership v. Adage, Inc., 42 F.3d 204 (4th Cir. 1994) ("hindsight does not establish fraud").  The crucial determination is whether the projection was reasonable at the time it was made, and not

whether the estimation was ultimately proven to be true after the benefit of time and experience have fully informed the maker of the projection. See Eckstein v. Balcor Film Investors, 8 F.3d 1121 (7th Cir. 1993) ("an inability to foresee the future does not constitute fraud, because [t]he securities laws approach matters from an ex ante perspective") (internal quotations omitted).

Other authorities:

In re Initial Pub. Offering Sec. Litig., 241 F Supp 2d 281 (S.D.N.Y. 2003)

Rochez Bros., Inc. v. Rhoades, 527 F.2d 880 (3d Cir. 1975)

Carpenter v. Harris, Upham & Co., 594 F.2d 388, 394 (4th Cir. 1979)

SEC v. First Jersey Sec., Inc., 101 F 3d 1450 1473 (2d Cir.1996)

S.E.C. v. Treadway, 430 F. Supp. 2d 293, 339 (S.D.N.Y. 2006)

Armstrong v. McAlpin, 699 F.2d 79, 92 (2d Cir.1983)

SEC v. Goble, 682 F 3d 934 947 (11th Cir. 2012)

In re Hyperion Sec. Litig., 1995 WL 422480 (S.D.N.Y. 1995)

VanCook v. SEC, 653 F.3d 130, 142 (2d Cir. 2011)

SEC v. Shanahan, 646 F.3d 536, 547 (8th Cir. 2011))

Dickey v. Royal Banks of Mo., 111 F.3d 580 (8th Cir. 1987)

Herrero v. Cummins Mid-America, Inc., 930 S W 2d 18 22 (Mo. Ct. App. 1996)

10

SEC Release Nos. 33-10569; 34-84508; IC-33286; File No. S7-23-18

Keystone and Mr. Cooke reserve the right to rely on additional authorities.

# **ATTACHMENT E**

Plaintiff and Defendants stipulate to the following facts:

1.     Between as early as approximately March 2012 and November 2014, Defendants Dax Cooke, Chris Laws, Danny Hood and Brandon Long were registered representatives of LPL Financial Inc. ("LPL").

2.     At that time, LPL Financial, Inc. ("LPL") was a broker dealer and investment adviser registered with the Securities and Exchange Commission.

3.     Federal Employee Benefit Counselors ("FEBC") was a d/b/a of Keystone Capital Partners, Inc., which is a Georgia-registered corporation that was cofounded by Christopher Laws and Jonathan Cooke in early 2012.

4.     From its inception until December 2014, FEBC's office was located in the same office in Alpharetta, Georgia as the Office of Supervisory Jurisdiction ("OSJ") for LPL.

5.     The LPL branch number assigned to FEBC in 2012, 2013 and 2014 was F175.   The LPL Representative ID Nos. assigned to Laws and Cooke were 4KAB and G45C, respectively.

6.     The federal government offers its employees a tax-deferred retirement savings account which is akin to a 401(k) program.  That program is referred to as the Thrift Savings Plan or "TSP."

7.     Current federal employees age 59 ½ or older who are not planning an immediate separation from federal service have the option to take partial or full withdrawals from their TSP accounts.  To effectuate such a withdrawal, which is referred to as an age-based, in-service withdrawal, the employee must complete a Form TSP-75.

8.      Individuals who are no longer employed with the federal government must complete a Form TSP-70 if they desire to withdraw from their TSP accounts.

9.      The variable annuities that Defendant Dax Cooke offered and sold to federal employees between 2012 and 2014 were securities, as that term is defined in the Securitas Act of 1933 and Securities Exchange Act of 1934.

10.      Defendant Dax Cooke used e-mail and the telephone in connection with the offer and sale of variable annuities to federal employees across the United States.

11.      While Dax Cooke was registered with LPL, LPL's policies and procedures required its registered representatives to use LPL-approved email addresses for securities-related communications with customers and prospective customers.

2

## ATTACHMENT F-1

PLAINTIFF'S WITNESS LIST

| Witness | Last Known Address | Subject Matter | Will Call /May Call |
|---------|--------------------|----------------|--------------------|
| Christopher Laws | Counsel for Laws | The allegations of the Complaint; Defendants' offer, advertisement and sale of securities; Defendants' business operations; Defendants' financial and business transactions | Will Call |
| Jonathan Dax Cooke | Counsel for Cooke | The allegations of the Complaint; Defendants' offer, advertisement and sale of securities; Defendants' business operations; Defendants' financial and business transactions | Will Call |

| Keystone Capital Partners, Inc. d/b/a Federal Employee Benefit Counselors | Counsel for Keystone Capital Partners, Inc. d/b/a Federal Employee Benefit Counselors | The allegations of the Complaint; Defendants' offer, advertisement and sale of securities; Defendants' business operations; Defendants' financial and business transactions | May Call |
|---|---|---|---|
| Danny S. Hood | 4050 Idlewilde Meadows, Dr. Marietta, GA 30066 | The allegations of the Complaint; Defendants' offer, advertisement and sale of securities; Defendants' business operations; Defendants' financial and business transactions | Will Call |
| Brandon P. Long | 1153 Lynmoor Dr. Brookhaven, GA 30319 | The allegations of the Complaint; Defendants' offer, advertisement and sale of securities; Defendants' business operations; Defendants' financial and business transactions | Will Call |

| Troy Ragan | 2586 Club Valley Dr. Marietta, GA 30068 | The allegations of the Complaint; Defendants' benefits reviews, and offer, advertisement and sale of securities; Defendants' business operations; Defendants' financial and business transactions | May Call |
| Charles Ronald Burns | 2586 Oak Village Pl. Marietta, GA 30062 | The allegations of the Complaint; Defendants' benefits reviews, and offer, advertisement and sale of securities; Defendants' business operations; Defendants' financial and business transactions | May Call |

| Shannon Johnston | 8025 Depford Way Cumming, GA 30041 | The allegations of the Complaint; Defendants' offer, advertisement and sale of securities; Defendants' business operations; Defendants' financial and business transactions | May Call |
|---|---|---|---|
| Richard W. Bohlinger, Jr. | 3450 Miller Drive Apt 2304 Chamblee, GA 30341 | The allegations of the Complaint; Defendants' benefits reviews, and offer, advertisement and sale of securities; Defendants' business operations; Defendants' financial and business transactions | May Call |

| | | | |
|---|---|---|---|
| Employees of LPL Financial, LLC, including Charles Hopman | c/o Corin Swift Sidley Austin, LLP 60 State Street 36th Floor Boston, Massachusetts 02109 | The allegations of the Complaint; LPL's Compliance Procedures; LPL's Email System; Representations made by Defendants regarding business operations; LPL's annuity ordering system | Will Call |
| Employees of BCG Securities, Inc. | 51 Haddonfield Road Suite 210 Cherry Hill, New Jersey 08002 | The allegations of the Complaint; BCG's Compliance Procedures; BCG's Email System; BCG's annuity ordering system | May Call |
| Employees of Jackson National Life Insurance Company, including Anthony Dowling | c/o Kristen W. Thomas 1 Corporate Way Lansing, Michigan | The allegations of the Complaint; Annuity Products; Interactions with Defendants | Will Call |
| Employee(s) of Amplifi Marketing Solutions, Inc. | 2005 Newpoint Pkwy. Suite 100 Lawrenceville, GA 30043 | Defendants' use of mailers to federal employees | May Call |

| Byron Teunisen | c/o Corin Swift<br>Sidley Austin, LLP<br>60 State Street<br>36th Floor<br>Boston,   Massachusetts<br>02109 | The allegations of the Complaint; LPL's Compliance Procedures; LPL's Email System; Representations made by Defendants regarding business operations | Will Call |
|---|---|---|---|
| Dirk Dixon | c/o Corin Swift<br>Sidley Austin, LLP<br>60 State Street<br>36th Floor<br>Boston,   Massachusetts<br>02109 | Training on sale of variable annuities; FEBC policies and procedures; Statements made by Defendants concerning sale of variable annuities, compliance issues, and FEBC business model | May Call |
| John Simigan | Counsel for the SEC | The SEC's exam of FEBC in 2013 and related communications with Defendants and LPL; SEC summary exhibits; TSP policies and procedures; TSP publications and guidance | Will Call |

| Ian Barlow | 15 Riverview Drive Panacea, FL 32346 | Representations made by Defendants, including Long, Laws or Cooke, or their agents, in connection with their offering of securities; the details of solicitations, and the transactions and investments in securities offered by Defendants | May Call |
|---|---|---|---|
| Richard Berzon | 15 Tornam Court Gaithersburg, MD 20878 | Representations made by Defendants, including Laws or Cooke, or their agents, in connection with their offering of securities; the details of solicitations, and the transactions and investments in securities offered by Defendants | May Call |

| Robert Chapman | 77 South Lakeshore Drive, Ransom Canyon, TX 79366 | Representations made by Defendants, including Cooke or Laws, or their agents, in connection with their offering of securities; the details of solicitations, and the transactions and investments in securities offered by Defendants | Will Call |
|---|---|---|---|
| Lisa Davis | 9183 Cedar Ridge Dr., Granite Bay CA 95746-7235 | Representations made by Defendants, including Cooke or Laws, or their agents, in connection with their offering of securities; the details of solicitations, and the transactions and investments in securities offered by Defendants | Will Call |

| Phil Davis | 9183 Cedar Ridge Dr., Granite Bay CA 95746-7235 | Representations made by Defendants, including Cooke or Laws, or their agents, in connection with their offering of securities; the details of solicitations, and the transactions and investments in securities offered by Defendants | Will Call |
|---|---|---|---|
| Ronald Dias | 1210 Via Se Villa San Antonio, TC 78260 | Representations made by Defendants, including Cooke or Laws, or their agents, in connection with their offering of securities; the details of solicitations, and the transactions and investments in securities offered by Defendants | Will Call |

| Sandra Dias | 1210 Via Se Villa San Antonio, TC 78260 | Representations made by Defendants, including Cooke or Laws, or their agents, in connection with their offering of securities; the details of solicitations, and the transactions and investments in securities offered by Defendants | Will Call |
|---|---|---|---|
| Sharon Fujii | 90 Amethyst Way San Francisco, CA 94131 | Representations made by Defendants, including Cooke and Laws, or their agents,  in connection with their offering of securities; the details of solicitations, and the transactions and investments in securities offered by Defendants | Will Call |

| Anton Hager | 13013 South East Forest St. Vancouver, WA 98683 | Representations made by Defendants, including Cooke or Laws,  or their agents, in connection with their offering of securities; the details of solicitations, and the transactions and investments in securities offered by Defendants | May Call |
|---|---|---|---|
| Nancy Hager | 13013 South East Forest St. Vancouver, WA 98683 | Representations made by Defendants, including Cooke or Laws, or their agents, in connection with their offering of securities; the details of solicitations, and the transactions and investments in securities offered by Defendants | Will Call |

11

| | | | |
|---|---|---|---|
| Aquinnette Bush Harwell | 1808 W. Ransom Oaks Drive Tucson, AZ 85746 | Representations made by Defendants, including Laws or Cooke, or their agents, in connection with their offering of securities; the details of solicitations, and the transactions and investments in securities offered by Defendants | May Call |
| Ronnie Kerrins | 3827 E. Lake Way Redwood City, CA 94062 | Representations made by Defendants, including Cooke or Laws, or their agents, in connection with their offering of securities; the details of solicitations, and the transactions and investments in securities offered by Defendants | Will Call |

| Robert Lewis Sobsey | 502 Marcia Lane Rockville, MD 20851 | Representations made by Defendants, including Laws or Cooke, or their agents, in connection with their offering of securities; the details of solicitations, and the transactions and investments in securities offered by Defendants | Will Call |
| Alice Sobsey | 502 Marcia Lane Rockville, MD 20851 | Representations made by Defendants, including Laws or Cooke, or their agents, in connection with their offering of securities; the details of solicitations, and the transactions and investments in securities offered by Defendants | Will Call |

| Judy Trawick | 130 Four Oaks Drive Griffin, GA 30224 | Representations made by Defendants, including Cooke, or their agents, in connection with their offering of securities; the details of solicitations, and the transactions and investments in securities offered by Defendants | Will Call |
|---|---|---|---|
| Kathy Wheeler | 1210 Marie Street Hattiesburg, MS 39402 | Representations made by Defendants, including Cooke or Laws, or their agents, in connection with their offering of securities; the details of solicitations, and the transactions and investments in securities offered by Defendants | Will Call |

**ATTACHMENT F-2**

DEFENDANTS' WITNESS LIST

| Witness | Last Known Address | Subject Matter | Will call / may call |
|---|---|---|---|
| Liz Bradshaw | Unknown | internal processes | May call |
| Kim Skillman | Unknown | internal processes | May call |
| Esther Giddens | Unknown | internal processes | May call |
| Tina Miller | Unknown | internal processes | May call |
| Jaime Lynn Shultz | Unknown | internal processes | May call |
| Shannon Johnston | Unknown | internal processes | May call |
| Charles (Ron) Burns | See deposition transcript | internal processes | Will call |
| Troy Ragan | See deposition transcript | insurance sales and securities trainee | Will call |
| Sharon Fujii | See deposition transcript | sales process | May call |
| Janice Sakraida | Unknown | sales process | May call |
| Michael Sappol | Unknown | sales process | May call |
| Rob Braden | LPL | suitability and compliance processes | May call |

| Matt Meisner | LPL | advice re response to SEC exam | May call |
| Byron Tuinson | LPL | involvement in SEC exam | May call |
| Tiffany Gilliam | LPL | OBA and DBA discussions | May call |
| Christopher Laws | 420 The Hermitage Drive Alpharetta, GA 30004 | Internal processes, business timeline, and sales process | Will call |

## **ATTACHMENT G-1**

JOINT EXHIBIT LIST

Because of the multiple defendants in this matter, the parties have not identified joint exhibits at this time.

PLAINTIFF'S AMENDED EXHIBIT LIST

| Pl. Ex No. | Date | Brief Description | Identifier | Defendants' Objections |
|---|---|---|---|---|
| 1 | 2/28/2013 | Email chain and Calculator | Pl. Dep. Ex. 1 | Authenticity, Competency, Relevancy, Hearsay |
| 2 | 1/19/2014 | Email chain and Calculator | Pl. Dep. Ex. 2 | Authenticity, Competency, Relevancy, Hearsay |
| 3 | 12/28/2011 | FEBC Letter/Laws | Pl. Dep. Ex. 3 | Competency, Relevancy, Hearsay |
| 4 | 12/28/2012 | FEBC Letter/Cooke (signed) | Pl. Dep. Ex. 4 | Competency, Relevancy, Hearsay |
| 5 | 2/21/2012 | FEBC Webpages | Pl. Dep. Ex. 5 | Competency, Relevancy, Hearsay |
| 6 | Undated | Federal Employee Benefits Survey Questionnaire | Pl. Dep. Ex. 6 | Authenticity, Competency, Relevancy, Hearsay |
| 7 | Undated | Completed Federal Employee Benefits Questionnaire | Pl. Dep. Ex. 7 | Authenticity, Competency, |

| | | | | Relevancy, Hearsay |
|---|---|---|---|---|
| 8 | Undated | RIF Benefits Review Session Form | Pl. Dep. Ex. 8 | Authenticity, Competency, Relevancy, Hearsay |
| 9 | 2/6/2015 | GreenbergTraurig Letter/Laws with attachments | Pl. Dep. Ex. 9 | Competency, Relevancy, Hearsay |
| 10 | Undated | Federal Benefits Evaluation Form, completed | Pl. Dep. Ex. 10 | Authenticity, Competency, Relevancy, Hearsay |
| 11 | Undated | TSP-75 Election Income Analysis/Tana Justice | Pl. Dep. Ex. 11 | Competency, Relevancy, Hearsay |
| 12 | Undated | FEBC Solicitation Brochure | Pl. Dep. Ex. 12 | Authenticity, Competency, Relevancy, Hearsay |
| 13 | Undated | TSP Election Report/Douglas Kinan | Pl. Dep. Ex. 13 | Competency, Relevancy, Hearsay |
| 14 | 2/25/2014 | Laws Email with Federal Elections Benefits Brochure attached | Pl. Dep. Ex. 14 | Competency, Relevancy, Hearsay |
| 15 | 6/16/2014 | Laws Email to Hendricks with attached TSP-75 Report and Election Forms | Pl. Dep. Ex. 15 | Competency, Relevancy, Hearsay |

| 16 | 6/1/2013 | TSP-70 Election Data Form and Election Form Packet | Pl. Dep. Ex. 16 | Authenticity, Competency, Relevancy, Hearsay |
|---|---|---|---|---|
| 17 | 6/16/2014 | Email from Laws to Hendricks with TSP-75 Election Form | Pl. Dep. Ex. 17 | Authenticity, Competency, Relevancy, Hearsay |
| 18 | 4/1/2012 | TSP-75 Age-Based In-Service Withdrawal Request Packet | Pl. Dep. Ex. 18 | Authenticity, Competency, Relevancy, Hearsay |
| 19 | 7/10/2014 | Thrift Savings Plan TSP-75 Election Forms Packet/Chapman | Pl. Dep. Ex. 19 | Authenticity, Competency, Relevancy, Hearsay |
| 20 | 7/10/2014 | LPL Account Application/Chapman | Pl. Dep. Ex. 20 | Authenticity, Competency, Relevancy, Hearsay |
| 21 | Undated | LPL Important Information Form-Variable Annuities | Pl. Dep. Ex. 21 | Authenticity, Competency, Relevancy, Hearsay |
| 22 | Undated | LPL Important Information Form-Mutual Funds | Pl. Dep. Ex. 22 | Authenticity, Competency, Relevancy, Hearsay |
| 23 | Undated | LPL Important Information Form re Funds Invested | Pl. Dep. Ex. 23 | Authenticity, Competency, Relevancy, Hearsay |
| 24 | 8/9/2013 | LPL Account Information Form/Tana Justice | Pl. Dep. Ex. 24 | Authenticity, Competency, Relevancy, Hearsay |

| 25 | 9/30/2013 | TransAmerica Statement/Tana Justice | Pl. Dep. Ex. 25 | |
| 26 | 9/9/2013 | Letter, Johnston to Tana Justice | Pl. Dep. Ex. 26 | Authenticity, Competency, Relevancy, Hearsay |
| 27 | 9/15/2013 | LPL Important Information Form re Funds/Tana Justice | Pl. Dep. Ex. 27 | Authenticity, Competency, Relevancy, Hearsay |
| 28 | 9/15/2013 | LPL Important Information Form re Variable Annuity Purchases/Tana Justice | Pl. Dep. Ex. 28 | Authenticity, Competency, Relevancy, Hearsay |
| 29 | 9/2/2014 | LPL Account Application Form/Charito Reyes | Pl. Dep. Ex. 29 | Authenticity, Competency, Relevancy, Hearsay |
| 30 | Undated | LPL Account Application-blank | Pl. Dep. Ex. 30 | Authenticity, Competency, Relevancy, Hearsay |
| 31 | 10/2/2014 | McClay Email to Laws re LPL Financial: Conversation about FEBC | Pl. Dep. Ex. 31 | Authenticity, Competency, Relevancy, Hearsay |
| 32 | 4/7/2014 | Emails Chain between Kistler, Laws and Cooke re Reverse Email Signatures | Pl. Dep. Ex. 32 | Competency, Relevancy, Hearsay |

| 33 | 4/4/2014 | Email between Laws and Cooke re New Email – Disclosure Required | Pl. Dep. Ex. 33 | Competency, Relevancy, Hearsay |
| 34 | 10/30/2014 | Email from Laws to Cooke – Link to Jackson | Pl. Dep. Ex. 34 | Competency, Relevancy, Hearsay |
| 35 | 6/19/2014 | Annual Federal Benefits Evaluation Form/Spencer | Pl. Dep. Ex. 35 | |
| 36 | 7/30/2014 | TSP Referral Form | Pl. Dep. Ex. 36 | Competency, Relevancy, Hearsay |
| 37 | 10/22/2014 | Emails between Gorman and Ragan re Inquiry | Pl. Dep. Ex. 37 | Competency, Relevancy, Hearsay |
| 38 | 10/21/2014 | Emails between Burns and Ragan, Gorman and Ragan re Inquiry | Pl. Dep. Ex. 38 | Competency, Relevancy, Hearsay |
| 39 | 12/9/2014 | Email between Chauhan and Ragan re TSP with attachments-TSP Forms sent to Troy 12.9.14 | Pl. Dep. Ex. 39 | Authenticity, Competency, Relevancy, Hearsay |
| 40 | 12/9/2014 | Emails between Chauhan and Ragan | Pl. Dep. Ex. 40 | Authenticity, Competency, Relevancy, Hearsay |
| 41 | 3/11/2015 | Email chain between Cooke and Ragan re TSP-75 Analysis Report - One Additional Quick Questions | Pl. Dep. Ex. 41 | Authenticity, Competency, Relevancy, Hearsay |

| 42 | 2/25/2015 | Email Cooke to Long re TSP Meeting Report, with attached power point | Pl. Dep. Ex. 42 | Competency, Relevancy, Hearsay |
|----|-----------|----------------------------------------------------------------------|-----------------|-------------------------------|
| 43 | 3/26/2015 | Email from Ragan to Cooke re Before the Meeting | Pl. Dep. Ex. 43 | Competency, Relevancy, Hearsay |
| 44 | 4/15/2015 | Email from Cooke to Ragan & cc: Burns, chris@myferc.com re Language | Pl. Dep. Ex. 44 | Competency, Relevancy, Hearsay |
| 45 | 2/26/2015 | Email from Cooke to Long and Ragan re Meeting Follow Up | Pl. Dep. Ex. 45 | Competency, Relevancy, Hearsay |
| 46 | 4/3/2015 | Email from Long to Ragan re B. Long Report with TSP Analysis attachment | Pl. Dep. Ex. 46 | Competency, Relevancy, Hearsay |
| 47 | Undated | TSP Analysis prepared by Joe Federal by Troy Ragan | Pl. Dep. Ex. 47 | Authenticity, Competency, Relevancy, Hearsay |
| 48 | Undated | FEBC Presentation | Pl. Dep. Ex. 48 | Authenticity, Competency, Relevancy, Hearsay |
| 49 | 4/14/2014 | Form U4/Burns | Pl. Dep. Ex. 49 | Relevancy, Hearsay |

| 50 | Undated | FEBC federal Health Program and Medicare Booklet | Pl. Dep. Ex. 50 | Authenticity, Competency, Relevancy, Hearsay |
|----|---------|---------------------------------------------------|------------------|----------------------------------------------|
| 51 | 1/6/2014 | Email from Burns to Cooke, with attached Training Schedule | Pl. Dep. Ex. 51 | Authenticity, Competency, Relevancy |
| 52 | 3/7/2014 | Email from Burns to Cooke, Laws., re Numbers from Sales Meeting | Pl. Dep. Ex. 52 | Competency, Relevancy, Hearsay |
| 53 | 3/10/2014 | Email from Burns to Cooke, Laws., re Benefit Review Software Training | Pl. Dep. Ex. 53 | Competency, Relevancy, Hearsay |
| 54 | 5/1/2014 | Email from Burns to Cooke, Laws, Long, et al.,\ re Weekly Sales Meeting Reschedule 5/1/2014 | Pl. Dep. Ex. 54 | Competency, Relevancy, Hearsay |
| 55 | 10/14/2014 | Email from Burns to Ragan re Pedro "Rick" Franceschi | Pl. Dep. Ex. 55 | Competency, Relevancy, Hearsay |
| 56 | 10/14/2014 | Email from Burns to Ragan with attachment re Rick Franceschi | Pl. Dep. Ex. 56 | Competency, Relevancy, Hearsay |
| 57 | 8/21/2014 | Several Annual Federal Benefits Evaluation | Pl. Dep. Ex. 57 | Authenticity, Competency, |

| | | Questionnaires – Barker, Bernardo, Harders | | Relevancy, Hearsay |
|---|---|---|---|---|
| 58 | 1/23/2014 | Email from Burns to Cooke, Laws, et al. re Benefit Review Referrals | Pl. Dep. Ex. 58 | Competency, Relevancy, Hearsay |
| 59 | 8/15/2014 | Emails Burns to Cooke re Rumor | Pl. Dep. Ex. 59 | Competency, Relevancy, Hearsay |
| 60 | 10/7/2014 | Email Cooke to Burns re Mailing Totals from Last Drop | Pl. Dep. Ex. 60 | Competency, Relevancy, Hearsay |
| 61 | 8/21/2014 | TSP Referral Sheet-Chervinsky | Pl. Dep. Ex. 61 | Competency, Relevancy, Hearsay |
| 62 | Multiple dates | Packet of Rollover Referral Forms | Pl. Dep. Ex. 62 | Authenticity, Competency, Relevancy, Hearsay |
| 63 | 3/20/2014 | Telegraph with FEBC Covers attached | Pl. Dep. Ex. 63 | Competency, Relevancy, Hearsay |
| 64 | 3/26/2014 | Email Burns to Cooke re logo Designs | Pl. Dep. Ex. 64 | Competency, Relevancy, Hearsay |
| 65 | Undated | Q4 Points Chart | Pl. Dep. Ex. 65 | Competency, Relevancy, Hearsay |
| 66 | 9/27/2013 | LPL letter-response to J. Preuitt (SEC) Exam Findings | Pl. Dep. Ex. 66 | Authenticity, Competency, Relevancy, Hearsay |

| 67 | 9/20/2012 | LPL Account Applications/Romero | Pl. Dep. Ex. 67 | Competency, Relevancy, Hearsay |
|----|-----------|--------------------------------|-----------------|-------------------------------|
| 68 | Undated | Federal Employee Benefits Information Envelope | Pl. Dep. Ex. 68 | Authenticity, Competency, Relevancy, Hearsay |
| 69 | Undated | TSP-75 Election Income Analysis/Berzon | Pl. Dep. Ex. 69 | Authenticity, Competency, Relevancy, Hearsay |
| 70 | 5/27/2009 | LPL Representative Agreement/Cooke | Pl. Dep. Ex. 70 | Competency, Relevancy, Hearsay |
| 71 | Undated | TSP Retirement Options Presentation | Pl. Dep. Ex. 71 | Competency, Relevancy, Hearsay |
| 72 | Undated | Thrift Savings Plan Presentation | Pl. Dep. Ex. 72 | Competency, Relevancy, Hearsay |
| 73 | 6/11/2012 | Cooke Email to M. Breland with attachment | Pl. Dep. Ex. 73 | Competency, Relevancy, Hearsay |
| 74 | 3/27/2014 | LPL Account Application/Fujii signed | Pl. Dep. Ex. 74 | |
| 75 | 2/28/2014 | Email from Fujii to Cooke re TSP Review Meeting Link | Pl. Dep. Ex. 75 | Competency, Relevancy, Hearsay |
| 76 | 3/26/2014 | Email from Cooke to Fujii with attachment (TSP-70 Election Form and comments) | Pl. Dep. Ex. 76 | Competency, Relevancy, Hearsay |

| 77 | 3/31/2014 | Email from Cooke to Fujii re Updated TSP-75 Election Forms | Pl. Dep. Ex. 77 | Competency, Relevancy, Hearsay |
|----|-----------|-----------------------------------------------------------|-----------------|--------------------------------|
| 78 | 7/9/2014 | TSP-75 Election Forms Packet/Wheeler | Pl. Dep. Ex. 78 | Authenticity, Competency, Relevancy, Hearsay |
| 79 | 7/9/2014 | LPL Account Application/Wheeler | Pl. Dep. Ex. 79 | Authenticity, Competency, Relevancy, Hearsay |
| 80 | 7/25/2014 | Emails between Wheeler and Cooke re Jackson Hybrid Plan Funding Confirmation | Pl. Dep. Ex. 80 | Competency, Relevancy, Hearsay |
| 81 | 1/14/2014 | Loomis Email forwarding Email from Cooke to Sobsey re TSP Analysis | Pl. Dep. Ex. 81 | Competency, Relevancy, Hearsay |
| 82 | 2/21/2014 | Loomis Email forwarding Sobsey emails re TSP Review Meeting Info | Pl. Dep. Ex. 82 | Competency, Relevancy, Hearsay |
| 83 | Undated | TSP Election Report/Sobsey | Pl. Dep. Ex. 83 | Authenticity, Competency, Relevancy, Hearsay |
| 84 | 2/24/2014 | Loomis Email forwarding Cooke/Sobsey Emails re LPL Direct Plan-Jackson | Pl. Dep. Ex. 84 | Competency, Relevancy, Hearsay |

| 85 | 5/22/2014 | Loomis Email forwarding Johnston/Sobsey Email with Jackson Form attached | Pl. Dep. Ex. 85 | Competency, Relevancy, Hearsay |
|----|-----------|---------------------------------------------------------------------------|-----------------|-------------------------------|
| 86 | 5/26/2014 | LPL Important Information Forms/Sobsey | Pl. Dep. Ex. 86 | Authenticity, Competency, Relevancy, Hearsay |
| 87 | 6/8/2015 | Investigation Testimony Transcript/Cooke | Pl. Dep. Ex. 87 | Authenticity, Competency, Relevancy, Hearsay |
| 88 | 3/16/2016 | Investigation Testimony Transcript/Cooke | Pl. Dep. Ex. 88 | Authenticity, Competency, Relevancy, Hearsay |
| 89 | 2/6/2015 | GreenbergTraurig Letter with attachments | Pl. Dep. Ex. 89 | Authenticity, Competency, Relevancy, Hearsay |
| 90 | Undated | Annual Federal Benefits Evaluation Questionnaire, with notes/Fujii | Pl. Dep. Ex. 90 | Competency, Relevancy, Hearsay |
| 91 | Undated | Notes/Fujii | Pl. Dep. Ex. 91 | Authenticity, Competency, Relevancy, Hearsay |
| 92 | Undated | TSP Election Report/Fujii | Pl. Dep. Ex. 92 | Authenticity, Competency, Relevancy, Hearsay |

11

| 93 | 3/19/2014 | Emails FEBC to Fujii re FEBC Evaluation | Dep. Ex. 93 | Authenticity, Competency, Relevancy, Hearsay |
|----|-----------|------------------------------------------|-------------|-----------------------------------------------|
| 94 | 4/11/2014 | Email from Johnston to Fujii re Jackson Information | Pl. Dep. Ex. 94 | Authenticity, Competency, Relevancy, Hearsay |
| 95 | 4/10/2014 | Jackson Document-Policy Details/Fujii | Pl. Dep. Ex. 95 | Competency, Relevancy, Hearsay |
| 96 | 4/15/2014 | Johnston Letter to Fujii | Pl. Dep. Ex. 96 | Authenticity, Competency, Relevancy, Hearsay |
| 97 | 4/21/2014 | LPL important Information Forms/Fujii | Pl. Dep. Ex. 97 | Authenticity, Competency, Relevancy, Hearsay |
| 98 | 4/20/2014 | Email from Fujii to Cooke re Threshold Question | Pl. Dep. Ex. 98 | Authenticity, Competency, Relevancy, Hearsay |
| 99 | 3/26/2014 | Email from Fujii to Patricia Brown & Steve Henigson re Federal Benefits Counselors | Pl. Dep. Ex. 99 | Competency, Relevancy, Hearsay |
| 100 | Undated | TSP-75 Election Form (unsigned)/Burka | Pl. Dep. Ex. 114B | Authenticity, Competency, Relevancy, Hearsay |
| 101 | 4/21/2014 | Emails from Fujii to Cooke re Threshold Question | Pl. Dep. Ex. 101 | Authenticity, Competency, Relevancy, Hearsay |

| 102 | 4/9/2014 | LPL Letter to Fujii | Pl. Dep. Ex. 102 | |
| 103 | 4/10/2014 | Jackson Letter to Fujii | Pl. Dep. Ex. 103 | |
| 104 | 5/1/2014 | Jackson Delivery Receipt Form/Fujii | Pl. Dep. Ex. 104 | |
| 105 | 4/10/2014 | Policy Summary Sheet/ Fujii | Pl. Dep. Ex. 105 | |
| 106 | 1/25/2016 | LPL Letter to Fujii re Former LPL Financial Registered Representative Laws | Pl. Dep. Ex. 106 | Competency, Relevancy, Hearsay |
| 107 | 4/8/2014 | Annuity Order Summary Report/Fujii | LPL 008201-05 | Competency, Relevancy, Hearsay |
| 108 | Undated | Jackson Annuity Application/Fujii | SEC-JNLIC-E-0047366-74 | Competency, Relevancy, Hearsay |
| 109 | 8/14/2014 | Annuity Order Summary Report/Burka | LPL 008681-86 | Authenticity, Competency, Relevancy, Hearsay |
| 110 | 7/9/2014 | Email chain between R. Burka and R. Bohlinger, cc: M. Burka re Update on Benefit Review | Pl. Dep. Ex. 110 | Authenticity, Competency, Relevancy, Hearsay |
| 111 | 7/10/2014 | Email chain between Laws to R. Burka, M. | Pl. Dep. Ex. 111 | Authenticity, Competency, Relevancy, Hearsay |

| | | Burka re TSP-75 Election Report | | |
|---|---|---|---|---|
| 112 | Undated | Thrift Savings Plan Analysis | Pl. Dep. Ex. 112 | Authenticity, Competency, Relevancy, Hearsay |
| 113 | 7/22/2014 | Email from Laws to Burkas re TSP-75 Election Forms | Pl. Dep. Ex. 113 | Competency, Relevancy, Hearsay |
| 114 | Undated | TSP-75 Election Form (unsigned)/Burka | Pl. Dep. Ex. 114 | Authenticity, Competency, Relevancy, Hearsay |
| 115 | 7/30/2014 | LPL Account Application/Burka | Pl. Dep. Ex. 115 | Competency, Relevancy, Hearsay |
| 116 | 8/15/2014 | Email from Laws to M. Burka re Account # / Login Instructions | Pl. Dep. Ex. 116 | Competency, Relevancy, Hearsay |
| 117 | 9/3/2014 | LPL Important Information Form/M. Burka | Pl. Dep. Ex. 117 | Competency, Relevancy, Hearsay |
| 118 | 1/25/2016 | LPL letter to M. Burka re Former LPL Financial Registered Representative Laws | Pl. Dep. Ex. 118 | Authenticity, Competency, Relevancy, Hearsay |
| 119 | 7/20/2014 | Email R. Burka to Laws cc: M. Burka re M. Burka Some Questions | Pl. Dep. Ex. 119 | Competency, Relevancy, Hearsay |

| | | in Anticipation of Tuesday Call | | |
|---|---|---|---|---|
| 120 | 7/10/2014 | Email from Laws to M. Burka, with TSP Analysis attached. | Pl. Dep. Ex. 120 | Relevancy, Hearsay |
| 121 | 7/21/2014 | Email chain from M. Burka to Laws - in Anticipation of Tuesday Call | Pl. Dep. Ex. 121 | Relevancy, Hearsay |
| 122 | 7/22/2014 | Email from Laws to Burka with TSP-75 Election Form Attached | Pl. Dep. Ex. 122 | Relevancy, Hearsay |
| 123 | 8/15/2014 | forwarded Email chain from Laws to Burka re TSP-75 Election Forms | Pl. Dep. Ex. 123 | Authenticity, Competency, Relevancy, Hearsay |
| 124 | 8/18/2014 | Jackson Annuity Contract/M. Burka | Pl. Dep. Ex. 124 | |
| 125 | 12/4/2014 | Jackson Transaction Confirmation/M. Burka | Pl. Dep. Ex. 125 | |
| 126 | 8/19/2014 | Jackson Transaction Confirmation/M. Burka | Pl. Dep. Ex. 126 | |
| 127 | 9/3/2014 | LPL Important Information Form-Annuity Purchase/M. Burka | Pl. Dep. Ex. 127 | Relevancy, Hearsay |

| 128 | 9/3/2014 | LPL Important Information Form re Funds being Invested/Burka | Pl. Dep. Ex. 128 | Relevancy, Hearsay |
| 129 | 8/19/2014 | Email Jackson to M. Burka re fwd: Action/Complete Jackson Registration Process | Pl. Dep. Ex. 129 | Authenticity, Competency, Relevancy, Hearsay |
| 130 | 8/20/2014 | Email Jackson to M. Burka re Trades Placed on Jackson | Pl. Dep. Ex. 130 | Authenticity, Competency, Relevancy, Hearsay |
| 131 | 2/11/2014 | LPL Letter re Jackson Investment Account/M. Burka | Pl. Dep. Ex. 131 | Authenticity, Competency, Relevancy, Hearsay |
| 132 | 11/4/2014 | Jackson Letter re Jackson Annuity Product/M. Burka | Pl. Dep. Ex. 132 | |
| 133 | 9/3/2014 | Jackson Letter to Burka re Delivery Receipt/M. Burka | Pl. Dep. Ex. 133 | |
| 134 | 8/25/2014 | Jackson Policy Delivery Receipt/M. Burka | Pl. Dep. Ex. 134 | |
| 135 | Undated | Jackson Statement/M. Burka, July 1-Sept. 30, 2014 | Pl. Dep. Ex. 135 | |

| 136 | 8/22/2014 | Email from Laws to Kerrins TSP Meeting Link | Pl. Dep. Ex. 136 | Competency, Relevancy, Hearsay |
| 137 | 8/27/2014 | Emails from Laws to Kerrins re TSP-70 Election Report | Pl. Dep. Ex. 137 | Competency, Relevancy, Hearsay |
| 138 | 8/27/2014 | Email from Laws to Kerrins and two attachments-TSP Reports | Pl. Dep. Ex. 138 | Competency, Relevancy, Hearsay |
| 139 | 9/2/2014 | Email chain, from Laws to Kerrins re TSP-70 Election Report | Pl. Dep. Ex. 139 | Competency, Relevancy, Hearsay |
| 140 | 9/2/2014 | Laws email to Kerrins (re TSP-70 Election Form) | Pl. Dep. Ex. 140 | Competency, Relevancy, Hearsay |
| 141 | 9/2/2104 | Attachment-TSP-70 Election Form to Exhibit 140 9/2/2014 Email from Laws to Kerrins | Pl. Dep. Ex. 141 | Competency, Relevancy, Hearsay |
| 142 | 6/1/2013 | TSP-70 Request for Full Withdrawal | Pl. Dep. Ex. 142 | Competency, Relevancy, Hearsay |
| 143 | 9/6/2014 | LPL Account Application/Kerrins | Pl. Dep. Ex. 143 | Relevancy, Hearsay |
| 144 | 9/8/2014 | Email chain from Laws to Kerrins | Pl. Dep. Ex. 144 | Competency, Relevancy, Hearsay |

17

| 145 | 9/10/2014 | Email chain from Laws to Kerrins | Pl. Dep. Ex. 145 | Competency, Relevancy, Hearsay |
| 146 | 9/16/2014 | LPL New Account Letter (with note from Kerrins) | Pl. Dep. Ex. 146 | Competency, Relevancy, Hearsay |
| 147 | 9/18/2014 | Annuity Schedule/Kerrins | Pl. Dep. Ex. 147 | Authenticity, Competency, Relevancy, Hearsay |
| 148 | 9/19/2014 | Prudential Letter to Kerrins | Pl. Dep. Ex. 148 | |
| 149 | 9/19/2014 | Prudential Confirmation/Kerrins | Pl. Dep. Ex. 149 | |
| 150 | 9/19/2014 | Johnston Email to Kerrins re Initials Needed | Pl. Dep. Ex. 150 | Competency, Relevancy, Hearsay |
| 151 | 9/24/2014 | Johnston  Email to Kerrins re Prudential Account-Account Funded | Pl. Dep. Ex. 151 | Competency, Relevancy, Hearsay |
| 152 | 9/30/2014 | Johnston Letter to Kerrins, Account Funded, with attached Signature pages | Pl. Dep. Ex. 152 | Competency, Relevancy, Hearsay |
| 153 | 10/8/2014 | Important Information re Funds being Invested - Form 439L/Kerrins & Form 439/Kerrins | Pl. Dep. Ex. 153 | Competency, Relevancy, Hearsay |

| 154 | 10/10/2014 | Email from Laws to Kerrins re Kerrins Fund Transfer asap | Pl. Dep. Ex. 154 | Authenticity, Competency, Relevancy, Hearsay |
|---|---|---|---|---|
| 155 | 9/15/2014 | Annuity Order Summary Report/Kerrins | Pl. Dep. Ex. 155 | Competency, Relevancy, Hearsay |
| 156 | 10/5/2018 | Letter from Kerrins to Schroeder | Pl. Dep. Ex. 156 | Authenticity, Competency, Relevancy, Hearsay |
| 157 | 9/18/2014 | Email from Johnston to Cooke re Annuity Order for Kerrins | LPL-01-0001549-53 | Authenticity, Competency, Relevancy, Hearsay |
| 158 | 4/23/2014 | TSP Transfer of Funds Notation/Dias | SEC-JNLIC-E-0028538 | Authenticity, Competency, Relevancy, Hearsay |
| 159 | 4/28/2014 | Jackson Policy Summary Sheet/Dias | SEC-JNLIC-E-002854428636 | Authenticity, Competency, Relevancy, Hearsay |
| 160 | 3/12/2014 | Brown Email to Staff, including Dias re Retirement Information Source | Ex. A, Dias Dec. | Authenticity, Competency, Relevancy, Hearsay |
| 161 | 4/1/2014 | Cooke Email to Dias, with Attachments-TSP Report | SEC-DiasR-E-0000300 and Attachments | Authenticity, Competency, Relevancy, Hearsay |
| 162 | Undated | TSP Election Report/Dias | Ex. C. to Dias Dec. | Authenticity, Competency, Relevancy, Hearsay |

| 163 | Undated | TSP-75 Election Form Packet/Dias | Ex. D to Dias Dec. | Authenticity, Competency, Relevancy, Hearsay |
|-----|---------|----------------------------------|--------------------|----------------------------------------------|
| 164 | 4/11/2014 | TSP-75 Election form Packet/Dias (signed) | Ex. E to Dias Declaration | Authenticity, Competency, Relevancy, Hearsay |
| 165 | 4/11/2014 | LPL Account Application/Dias | LPL-01-0046958-46963 | Authenticity, Competency, Relevancy, Hearsay |
| 166 | 4/24/2014 | LPL letter to Dias | Ex. G to Dias Dec. | |
| 167 | 5/14/2014 | Jackson Acknowledgment Form/Dias | SEC-DiasR-E-000004 | |
| 168 | 6/30/2014 | Jackson Quarterly Statement April 1-June 30, 2014 /Dias | SEC-LPL-004-028472-475 | |
| 169 | 4/16/2015 | Jackson Change of BD Letter/Dias | SEC-JNLIC-E-0028712 | Authenticity, Competency, Relevancy, Hearsay |
| 170 | 5/27/2015 | Emails from Cooke and Sandra Dias re Question | SEC-FINRA-E-0175220-221 | Authenticity, Competency, Relevancy, Hearsay |
| 171 | 4/29/2015 | Emails from Cooke to Sandra Dias re Ronald Dias | SEC-FINRA-E-0120091 | Authenticity, Competency, Relevancy, Hearsay |

| 172 | 4/23/2014 | Annuity Order System Report/Dias | LPL 008221-25 | Authenticity, Competency, Relevancy, Hearsay |
|---|---|---|---|---|
| 173 | Undated | Jackson Annuity Application/Dias | SEC-JNLIC-E-0028527-35 | Authenticity, Competency, Relevancy, Hearsay |
| 174 | 4/29/2014 | Jackson Annuity Contract/Dias | SEC-JNLIC-E-0028542-636 | |
| 175 | 4/28/2014 | Jackson Transaction Confirmation/Dias | SEC-JNLIC-E-0028637-638 | |
| 176 | 6/4/2014 | Notes/Chapman | SEC-ChapmanR-E-0001024-28 | Authenticity, Competency, Relevancy, Hearsay |
| 177 | Undated | Email Laws to Chapman re TSP-75 Report and Election Forms | SEC-ChapmanR-E-0001018 | Authenticity, Competency, Relevancy, Hearsay |
| 178 | Undated | Slideshow Presentation | Investigative Ex. 17 | Authenticity, Competency, Relevancy, Hearsay |
| 179 | Undated | Generic TSP Presentation | Keystone 018739-49 | Authenticity, Competency, Relevancy, Hearsay |
| 180 | 7/28/2014 | Letter from S Johnston to R Chapman | SEC-ChapmanR-E-0001043 | Authenticity, Competency, Relevancy, Hearsay |

21

| 181 | 7/10/2014 | TSP-75 Election Form/Chapman (signed) | Chapman Dec. Ex. D | Authenticity, Competency, Relevancy, Hearsay |
|---|---|---|---|---|
| 182 | 7/10/2014 | LPL Account Application/Chapman | LPL-01-0047334-47340 | Authenticity, Competency, Relevancy, Hearsay |
| 183 | 8/11/2014 | Form F439L-0211/Chapman | SEC-LPLF-E-0041847 | Authenticity, Competency, Relevancy, Hearsay |
| 184 | 8/11/2014 | Form F439-0512/Chapman | SEC-LPLF-E-0041848-51 | Authenticity, Competency, Relevancy, Hearsay |
| 185 | 7/17/2014 | Annuity Order System Report/Chapman | LPL008490-95 | Authenticity, Competency, Relevancy, Hearsay |
| 186 | Undated | Jackson Annuity Application/Chapman | SEC-JNLIC-E-0016327-35 | Relevancy, Hearsay |
| 187 | 7/21/2014 | Jackson Annuity Contract/Chapman | SEC-JNLIC-E-0016271-364 | |
| 188 | 3/21/2014 | LPL Account Letter/Trawick | SEC-TrawickJ-E-0000146-48 | |
| 189 | 2/26/2014 | Cooke Email to Trawick re TSP Report and Income Analysis, with attachments | SEC-TrawickJ-E-0000110-28 | Authenticity, Competency, Relevancy, Hearsay |
| 190 | 2/27/2014 | LPL Account Application/Trawick | SEC-LPLF-E-0004644-48 | Authenticity, Competency, |

| | | | | |
|---|---|---|---|---|
| | | | | Relevancy, Hearsay |
| 191 | Undated | FEBC Return Envelope/Trawick | SEC-TrawickJ-E-0000107 | Authenticity, Competency, Relevancy, Hearsay |
| 192 | Undated | Pages from Important Information Forms//Trawick | SEC-TrawickJ-E-0000002; SEC-TrawickJ-E-0000106; SEC-TrawickJ-E-0000108; SEC-TrawickJ-E-0000149-50 | Authenticity, Competency, Relevancy, Hearsay |
| 193 | 4/3/2014 | Email from Cooke to Trawick re/Trawick | SEC-TrawickJ-E-0000137-45 | Authenticity, Competency, Relevancy, Hearsay |
| 194 | 4/23/2014 | Form F439L-0211/Trawick | SEC-LPLF-E-0042104 | Authenticity, Competency, Relevancy, Hearsay |
| 195 | 4/23/2014 | Form F439-0512/Trawick | SEC-LPLF-E-0042105-08 | Authenticity, Competency, Relevancy, Hearsay |
| 196 | Multiple dates | Contact History/Trawick | SEC-LPL-004-137628-41 | Authenticity, Competency, Relevancy, Hearsay |
| 197 | 4/6/2014 | Cooke Email to Trawick re Electronic Copy Jackson Joint Plan, with | SEC-TrawickJ-E-00000174-268 | Authenticity, Competency, Relevancy, Hearsay |

| | | attachment/Trawick Joint Plan | | |
|---|---|---|---|---|
| 198 | 4/1/2014 | Cooke Email to Trawick re Trawick TSP-75 | SEC-TrawickJ-E-0000006-7 | Authenticity, Competency, Relevancy, Hearsay |
| 199 | 4/7/2014 | Cooke Email to Trawick re Update | SEC-TrawickJ-E-0000004 | Authenticity, Competency, Relevancy, Hearsay |
| 200 | 3/24/2014 | Transaction Confirmation/Trawick | SEC-JNLIC-E-0138423-24 | |
| 201 | 4/15/2014 | Transaction Confirmation/Trawick | SEC-JNLIC-E-0138543-44 | |
| 202 | 4/15/2014 | Email from Cooke to Trawick re Jackson Plan Updated | SEC-TrawickJ-E-0000003 | Authenticity, Competency, Relevancy, Hearsay |
| 203 | 4/23/2014 | Client Acknowledgment Form/Trawick | SEC-JNLIC-E-0138556 | |
| 204 | Undated | Jackson Annuity Application/Trawick | SEC-JNLIC-E-0138310-18 | Authenticity, Competency, Relevancy, Hearsay |
| 205 | 3/20/2014 | Annuity Order Summary Report/Trawick | LPL 008143-50 | Authenticity, Competency, Relevancy, Hearsay |
| 206 | 3/24/2014 | Jackson Annuity Contract/Trawick | SEC-JNLIC-E-0138327-420 | |

| 207 | 4/15/2014 | Jackson Annuity Contract/Trawick | SEC-JNLIC-E-0138449-542 | |
| **208** | | **NOT USED** | | |
| 209 | Undated | Cooke Business Card/Kinan | SEC-KinanD-E-0000088-89 | Authenticity, Competency, Relevancy, Hearsay |
| **210-212** | | **NOT USED** | | |
| 213 | 2/20/2014 | Cooke Email to Kinan re TSP Review Follow Up, with attachment Election Report/Kinan | SEC-KinanD-E-0000018-19 | Authenticity, Competency, Relevancy, Hearsay |
| **214** | | **NOT USED** | | |
| 215 | 2/21/2014 | Emails between Cooke and Kinan re FERS & TSP | SEC-KinanD-E-0000066-67 | Authenticity, Competency, Relevancy, Hearsay |
| 216 | 3/10/2014 | Emails between Kinan and Cooke e Rollover Fees | SEC-KinanD-E-0000082-83 | Authenticity, Competency, Relevancy, Hearsay |
| 217 | 3/17/2014 | Letter from Kinan to Cooke re TSP-70 Form for Processing | SEC-KinanD-E-0000038 | Authenticity, Competency, Relevancy, Hearsay |
| **218-219** | | **NOT USED** | | |

| 220 | 4/14/2014 | Kinan letter to Cooke re "Account Application" Retirement Form for Processing | SEC-KinanD-E-0000039-40 | Authenticity, Competency, Relevancy, Hearsay |
|---|---|---|---|---|
| **221** | | **NOT USED** | | |
| 222 | 4/22/2014 | LPL Investment Objective Change/Kinan | SEC-KinanD-E-0000034-36 | Authenticity, Competency, Relevancy, Hearsay |
| **223-224** | | **NOT USED** | | |
| 225 | 7/25/2012 | Schroeder Email forwarding Divan and Laws & attachments re TSP Options | SEC-DivanC-E-0000001-037 & native file | Authenticity, Competency, Relevancy, Hearsay |
| 226 | 10/17/2012 | Annuity Receipt/Divan | LPL 007595 | |
| 227 | 8/29/2012 | Disbursement Receipt from TSP/Divan | SEC-JNLIC-E-0029599 | Authenticity, Competency, Relevancy, Hearsay |
| 228 | 9/5/2013 | Jackson Welcome Letter/Divan | SEC-JNLIC-E-0029729 | |
| 229 | 8/21/2012 | Annuity Order System Summary Report/Divan | LPL 007577-81 | Authenticity, Competency, Relevancy, Hearsay |
| 230 | 10/17/2012 | Form F439L-0211/Divan | LPL 007593 | Authenticity, Competency, Relevancy, Hearsay |

| 231 | 10/17/2012 | Form F439-0512/Divan | LPL 007596-99 | Authenticity, Competency, Relevancy, Hearsay |
| 232 | 8/15/2012 | LPL Form F1BR-00112 (partial)/Divan | LPL-006016-19 | Authenticity, Competency, Relevancy, Hearsay |
| 233 | 8/22/2012 | Investment Objective Change/Divan | LPL-01-0036497 | Competency, Relevancy, Hearsay |
| 234 | 10/17/2012 | 1035 Exchange/Rollover/Transfer Form/Divan | LPL 007594 | Authenticity, Competency, Relevancy, Hearsay |
| 235 | 8/24/2012 | Email from Dothsuk to Laws re NAIC/State Specific Training Required | LPL-01-0052077 | Authenticity, Competency, Relevancy, Hearsay |
| 236 | 9/17/2012 | Annuity Indemnification Form/Divan | LPL-01-0006388 | Authenticity, Competency, Relevancy, Hearsay |
| 237 | 9/4/2012 | Transaction Confirmation/Divan | SEC-JNLIC-E-0029693-94 | |
| 238 | Multiple dates | Contact History/Divan | SEC-JNLIC-E-0029768-81 | Authenticity, Competency, Relevancy, Hearsay |
| 239 | Undated | Jackson Annuity Application/Divan | SEC-JNLIC-E-0029590-98 | Authenticity, Competency, Relevancy, Hearsay |

| 240 | 9/5/2012 | Jackson Annuity Contract/Divan | SEC-JNLIC-E-0029603-90 | |
| 241 | 1/14/2014 | Email from Cooke, FEBC to Sobsey with TSP analysis attachments | SEC-SobseyRA-E-00000055-59 | Authenticity, Competency, Relevancy, Hearsay |
| 242 | 4/8/2014 | Johnston letter to Sobsey with enclosures- Important Information re Funds being Invested | SEC-SobseyRA-E-0000272, 0013, 0076, 0244, 0239, 0303 | Authenticity, Competency, Relevancy, Hearsay |
| 243 | 4/17/2014 | Jackson Welcome Letter/Sobsey | SEC-SobseyRA-E-0000187 | |
| 244 | 4/2/2014 | Jackson Welcome Letter/Sobsey | SEC-SobseyRA-E-0000079 | |
| 245 | 3/17/2014 | Jackson Welcome Thank You/Sobsey | SEC-SobseyRA-E-0000311 | |
| 246 | 3/24/2014 | Jackson Policy Details/Sobsey | SEC-SobseyRA-E-0000014 | Authenticity, Competency, Relevancy, Hearsay |
| 247 | 3/20/2014 | Johnston Message, Jackson Contract Funded/Sobsey | Native Version | Authenticity, Competency, Relevancy, Hearsay |

| 248 | Undated | LPL Important Information Form-Funds/Sobsey unsigned | SEC-SobseyRA-E-0000013 | Authenticity, Competency, Relevancy, Hearsay |
| 249 | Undated | Jackson Acknowledgement Form –unsigned/Sobsey | SEC-SobseyRA-E-0000239 | |
| 250 | Undated | LPL Prospectus Receipt signature page/unsigned/Sobsey | SEC-SobseyRA-E-0000244 | Authenticity, Competency, Relevancy, Hearsay |
| 251 | 3/4/2014 | Email Cooke to Sobsey re with the attachment-TSP-70 Election Form Packet, with other Docs/Sobsey | SEC-SobseyRA-E-0000381; 318-3332 | Authenticity, Competency, Relevancy, Hearsay |
| 252 | Undated | TSP-70 Election Form Packet/Sobsey | SEC-SobseyRA-E-0000259-65 | Authenticity, Competency, Relevancy, Hearsay |
| 253 | 3/1/2014 | LPL Account Application/Sobsey (Revised 1012) | LPL-006515-19 | Authenticity, Competency, Relevancy, Hearsay |
| 254 | 3/22/2014 | Section VI: Account Holder Acknowledgment & Execution-LPL Account App. Sign. Page. Signed/Sobsey | SEC-SobseyRA-E-0000075 | Authenticity, Competency, Relevancy, Hearsay |

| 255 | 3/8/2014 | LPL Thank You Letter/Sobsey | SEC-SobseyRA-E-0000018 | |
|---|---|---|---|---|
| 256 | Undated | TSP-70 election packet/Sobsey (unsigned by Sobsey, signed by Defendants) | SEC-SobseyRA-E-0000420-27 | Authenticity, Competency, Relevancy, Hearsay |
| 257 | 5/26/2014 | Important Info Form/Variable Annuity Purchase/Sobsey | SEC-LPLF-E-0041640-43 | Authenticity, Competency, Relevancy, Hearsay |
| 258 | 5/26/2014 | Important Info Form re Funds being Invested/Sobsey | SEC-LPLF-E-0041639 | Authenticity, Competency, Relevancy, Hearsay |
| 259 | 12/17/2013 | Notes/Sobsey | SEC-SobseyRA-E-0000004-05 | Authenticity, Competency, Relevancy, Hearsay |
| 260 | 12/17/2013 | Rollover Referral Form/Sobsey | SEC-BurnsR-E-0001995 | Authenticity, Competency, Relevancy, Hearsay |
| 261 | 1/13/2014 | Notes/ Sobsey | SEC-SobseyRA-E-0000227 | Authenticity, Competency, Relevancy, Hearsay |
| 262 | 3/17/2014 | Jackson Nat'l Life Confirmation/Sobsey | SEC-JNLIC-E-0134469-70 | |
| 263 | 3/17/2014 | Jackson Nat'l Life Confirmation/Sobsey | SEC-JNLIC-E-0134527-28 | |

| 264 | Undated | Jackson Annuity Application/Sobsey | SEC-JNLIC-E-0134344-52 | Authenticity, Competency, Relevancy, Hearsay |
|-----|---------|-----------------------------------|------------------------|-------------------------------------------------|
| 265 | 3/17/2014 | Jackson Annuity Contract/Sobsey | SEC-SobseyRA-E-0000271; 0000087-186 | |
| 266 | 3/20/2014 | Annuity Order Summary Report/Sobsey | LPL 008135-38 | Authenticity, Competency, Relevancy, Hearsay |
| 267 | 6/25/2014 | Notes/Romanelli | SEC-RomandelliJ-E-0000001-02 | Authenticity, Competency, Relevancy, Hearsay |
| 268 | 7/16/2014 | Letter from Long Jackson Policy In Force/Romanelli | SEC-RomandelliJ-E-0000019 | Authenticity, Competency, Relevancy, Hearsay |
| 269 | 7/8/2014 | TSP Disbursement Slip/ Romanelli | SEC-JNLIC-E-0118512 | Authenticity, Competency, Relevancy, Hearsay |
| 270 | 7/12/2014 | Jackson Letter with Contract/Romanelli | SEC-RomandelliJ-E-0000021 | |
| 271 | Undated | Annual Federal Benefits Evaluation Questionnaire/Romanelli | SEC-RomandelliJ-E-0000020 | Authenticity, Competency, Relevancy, Hearsay |

31

| 272 | 5/29/2014 | Acknowledgement of Benefits Questionnaire/Romanelli | SEC-RomandelliJ-E-00000012 | Authenticity, Competency, Relevancy, Hearsay |
| 273 | Undated | Thrift Savings Plan Analysis/Romanelli | SEC-LongB-LW-E-0007102-111 | Authenticity, Competency, Relevancy, Hearsay |
| 274 | 7/29/2014 | Jackson Welcome Letter to Romanelli | SEC0-JNLIC-E-0118624 | |
| 275 | 7/3/2014 | TSP letter to Romanelli re Disbursement | SEC-Romandelli-E-0000015 | Competency, Relevancy, Hearsay |
| 276 | 7/10/2014 | LPL Welcome Letter/Romanelli | SEC-Romandelli-E-0000016 | |
| 277 | 6/30/2014 | LPL Account Application/Romanelli | LPL 006871-77 | Authenticity, Competency, Relevancy, Hearsay |
| 278 | 6/26/2014 | Bohliner Email to Romanelli re Benefit Review | SEC-RomandelliJ-E-0000010 | Authenticity, Competency, Relevancy, Hearsay |
| 279 | 7/26/2014 | Signature Documents/ Romanelli | SEC-RomandelliJ-E-0000003-09 | Authenticity, Competency, Relevancy, Hearsay |
| 280 | Undated | Jackson Annuity Application/Romanelli | SEC-JNLIC-E-0118500-08 | Authenticity, Competency, Relevancy, Hearsay |

| 281 | 7/12/2014 | Jackson Annuity Contract/Romanelli | SEC-JNLIC-E-0118520-615 | |
| 282 | 7/9/2014 | LPL Annuity Order Summary Report/Romanelli | LPL 008405-409 | Authenticity, Competency, Relevancy, Hearsay |
| 283 | 7/11/2014 | Jackson Nat'l Life Transaction Confirmation/Romanelli | SEC-RomanelliJ-E-0000014 | |
| 284 | 9/3/2014 | LPL Account Application/Sackey | LPL-01-0047621-27 | Authenticity, Competency, Relevancy, Hearsay |
| 285 | Undated | LPL Letter re Change of "Compliance Regulatory Firms"/Sackey | SEC-SackeyE-0000002-03 | Authenticity, Competency, Relevancy, Hearsay |
| 286 | 9/12/2014 | Jackson Letter/Sackey | SEC-JNLIC-E-0121566 | |
| 287 | 9/9/2014 | TSP Disbursement Notice/Sackey | SEC-JNLIC-E-01212464-67 | Authenticity, Competency, Relevancy, Hearsay |
| 288 | 9/12/2014 | Jackson Confirmation/Sackey | SEC-JNLIC-E-0121570-71 | |
| 289 | Undated | Jackson Annuity Account Application/Sackey | SEC-JNLIC-E-0121453-61 | Authenticity, Competency, Relevancy, Hearsay |

Case 1:17-cv-02873-JPB  Document 130  Filed 06/16/21  Page 101 of 166

| 290 | 9/12/2014 | Jackson Annuity Contract/Sackey | SEC-JNLIC-E-0121470-565 | |
|-----|-----------|----------------------------------|--------------------------|---|
| 291 | 9/9/2014 | Annuity Order Summary Report/Sackey | LPL 008780-84 | Authenticity, Competency, Relevancy, Hearsay |
| 292 | 7/10/2012 | Cooke Email to McQuillan with TSP-75 Election Packet, second version | SEC-McQuillanG-E-0000016; SEC-MCQuillanG-E-0000059-73 | Authenticity, Competency, Relevancy, Hearsay |
| 293 | 8/13/2012 | Email from Cooke to McQuillan re Prudential Statement, with attachment-Option Benefits Detail | SEC-McQuillanG-E-0000037; SEC-McQuillan-E-0000036 | Authenticity, Competency, Relevancy, Hearsay |
| 294 | 8/8/2012 | Email chain between McQuillan and Cooke, re TSP Funds Received | SEC-McQuillanG-E-0000057-58 | Authenticity, Competency, Relevancy, Hearsay |
| 295 | 6/7/2012 | Email Chain between McQuillan and Cooke email re Retirement Info and attachment-Income Benefits | SEC-McQuillanG-E-0000001-02; SEC-McQuillanG-E-0000017-33 | Authenticity, Competency, Relevancy, Hearsay |
| 296 | 8/8/2012 | Email from Cooke to McQuillan re TSP Funds Received | SEC-McQuillanG-E-0000034-35 | Authenticity, Competency, Relevancy, Hearsay |

| 297 | 8/22/2012 | Annuity Contract Receipt/McQuillan | LPL-01-0035586-87 | |
| 298 | 6/25/2012 | Order Summary Report/McQuillan | SEC-LPLF-E-0007818-27 | Authenticity, Competency, Relevancy, Hearsay |
| 299 | 8/21/2012 | Letter from Cooke to McQuillan re Prudential Annuity Contract-Funded | Keystone_Hard_Copy001803 | Authenticity, Competency, Relevancy, Hearsay |
| 300 | Undated | Form F439L-0211/McQuillan | LPL-01-0035638 | Authenticity, Competency, Relevancy, Hearsay |
| 301 | Undated | Form F439-0811/McQuillan | LPL-01-0035639-41 | Authenticity, Competency, Relevancy, Hearsay |
| 302 | Undated | New Business Application Transmittal/McQuillan | LPL-01-0035642-46 | Authenticity, Competency, Relevancy, Hearsay |
| 303 | 2/22/2013 | Email from Cooke to McQuillan and attachments re Statements | SEC-McQuillanG-E-0000003-04; SEC-McQuillanG-E-0000039-56 | Authenticity, Competency, Relevancy, Hearsay |

| 304 | 2/22/2013 | Email from Cooke to McQuillan and attachments re Prudential Investment Options | SEC-McQuillan-E-0000014-15; SEC-McQuillanG-E-0000008-10; SEC-McQuillanG-E-0000005-07; SEC-McQuillanG-E-0000011-13 | Authenticity, Competency, Relevancy, Hearsay |
|-----|-----------|---------------------------------|------------------------|----------------------------------|
| 305 | 6/22/2012 | Form F1BR-0512/McQuillan | LPL-005975-80 | Authenticity, Competency, Relevancy, Hearsay |
| 306 | 7/9/2012 | Email from Fromm to Laws re Annuity Application/McQuillan | LPL-01-0052074 | Authenticity, Competency, Relevancy, Hearsay |
| 307 | 6/28/2012 | Email from Johnson to Laws re Contract/McQuillan | LPL-01-0052069 | Authenticity, Competency, Relevancy, Hearsay |
| 308 | 7/24/2014 | LPL Account Application/Nuzzo | LPL-01-0047428-434 | Authenticity, Competency, Relevancy, Hearsay |
| **309-314** | | **NOT USED** | | |
| 315 | May 2012 | Withdrawing TSP Account Booklet | SEC-NuzzoW-E-0000159-80 | Authenticity, Competency, |

| | | | | Relevancy, Hearsay |
|---|---|---|---|---|
| **316** | | **NOT USED** | | |
| 317 | Undated | Cooke business card & Notes/Rzemieniewski | SEC-RzemienieR-E-0000001-02 | Authenticity, Competency, Relevancy, Hearsay |
| **318-324** | | **NOT USED** | | |
| 325 | 7/9/2014 | Notes/Wheeler | SEC-WheelerK-E-0000061-64 | Authenticity, Competency, Relevancy, Hearsay |
| 326 | 7/17/2014 | Johnston Email to Wheeler re TSP Confirmation-Funds Disbursed/Wheeler | SEC-WheelerK-E-00000021 | Authenticity, Competency, Relevancy, Hearsay |
| 327 | 7/24/2014 | Jackson New Account, Annuity Contract Letter/Wheeler | SEC-WheelerK-E-00000020 | Authenticity, Competency, Relevancy, Hearsay |
| 328 | 7/31/2014 | Johnston Letter, Account Funded/Wheeler | SEC-WheelerK-E-00000022 | Authenticity, Competency, Relevancy, Hearsay |
| 329 | 7/31/2014 | Notes/Wheeler | SEC-WheelerK-E-0000065-66 | Authenticity, Competency, Relevancy, Hearsay |
| 330 | 8/9/2014 | Jackson Acknowledgement Letter/Wheeler | SEC-JNLIC-E-0143856-58 | |

| 331 | 8/2/2014 | Jackson Delivery Receipt/Wheeler | SEC-WheelerK-E-0000001-02 | |
| 332 | 8/4/2014 | Form F439-0512/Wheeler | SEC-LPLF-E-0041800-03 | Authenticity, Competency, Relevancy, Hearsay |
| 333 | 8/4/2014 | Form F439L-0211/Wheeler | SEC-LPLF-E-0041804 | Authenticity, Competency, Relevancy, Hearsay |
| 334 | 6/13/2016 | Notes/Wheeler | SEC-WheelerK-E-0000069-70 | Authenticity, Competency, Relevancy, Hearsay |
| 335 | 6/9/2016 | Email from Skillman to Cooke re Appointment on SF Calendar/Wheeler | SEC-FINRA-E-0113739 | Authenticity, Competency, Relevancy, Hearsay |
| 336 | 6/25/2014 | Notes/Wheeler | SEC-WheelerK-E-0000054-60 | Authenticity, Competency, Relevancy, Hearsay |
| 337 | 3/24/2016 | Notes/Wheeler | SEC-WheelerK-E-0000067-68 | Authenticity, Competency, Relevancy, Hearsay |
| 338 | 8/4/2014 | Pages 3 & 4 of Form F439-0512/Wheeler | SEC-WheelerK-E-0000008-09 | Authenticity, Competency, Relevancy, Hearsay |
| 339 | 8/4/2014 | Form F439L-0211/Wheeler | SEC-WheelerK-E-0000010 | Authenticity, Competency, Relevancy, Hearsay |

| 340 | 8/4/2014 | Form X0512COMBO/Wheeler | SEC-WheelerK-E-0000003-05 | Authenticity, Competency, Relevancy, Hearsay |
| 341 | 8/4/2014 | Form X8570V/Wheeler | SEC-WheelerK-E-0000006 | Authenticity, Competency, Relevancy, Hearsay |
| 342 | 8/4/2014 | Binding Arbitration Agreement/Wheeler | SEC-WheelerK-E-0000007 | Authenticity, Competency, Relevancy, Hearsay |
| 343 | Multiple Dates | Contact History/Wheeler | SEC-JNLIC-E-0143878-87 | Authenticity, Competency, Relevancy, Hearsay |
| 344 | Undated | Jackson Annuity Account Application/Wheeler | SEC-JNLIC-E-0143737-45 | Authenticity, Competency, Relevancy, Hearsay |
| 345 | 7/24/2014 | Jackson Annuity Contract/Wheeler | SEC-JNLIC-E-0143750-846 | |
| 346 | 7/17/2014 | Annuity Order Summary Report/Wheeler | LPL 008470-79 | Authenticity, Competency, Relevancy, Hearsay |
| 347 | 2/7/2014 | Email from Cooke to L. Davis Containing TSP Election Report | SEC-DavisL-E-0000190-95 | |
| 348 | 2/18/2014 | Email Cooke to L. Davis re Returning TSP-70, with Cooke Response | SEC-DavisL-E-0000116 | Authenticity, Competency, Relevancy, Hearsay |

| 349 | 2/7/2014 | Email from Cooke to L. Davis email re TSP Review/Davis | SEC-DavisL-E-0000118-20 | Authenticity, Competency, Relevancy, Hearsay |
|---|---|---|---|---|
| 350 | 2/7/2014 | Email from Cooke to Davis with review and election form/Davis | SEC-DavisL-E-0000128-63 | Authenticity, Competency, Relevancy, Hearsay |
| 351 | 2/5/2014 | Email chain setting up Cooke/Davis call | SEC-DavisL-E-0000121-122 | Authenticity, Competency, Relevancy, Hearsay |
| **352** | | **NOT USED** | | |
| **353** | | **NOT USED** | | |
| 354 | 2/6/2015 | Email forwarding Jackson change of BD form/Davis | SEC-DavisL-E-0000165-166 | Authenticity, Competency, Relevancy, Hearsay |
| **355** | | **NOT USED** | | |
| 356 | Undated | FEBC Image/Davis | SEC-DavisL-E-0000185 | Authenticity, Competency, Relevancy, Hearsay |
| 357 | 3/6/2014 | Email from Johnston to Davis re Jackson Contract-Funded/Davis | SEC-DavisL-E-0000183-184 | Authenticity, Competency, Relevancy, Hearsay |
| 358 | 8/22/2018 | Jackson Confirmation/Davis | SEC-DavisL-E-0000001-02 | |

| 359 | 4/14/2015 | BCG Account Opening Letter/Davis | SEC-DavisL-E-0000012 | Competency, Relevancy, Hearsay |
| 360 | 3/4/2014 | Notes/Davis | SEC-DavisL-E-0000017 | Authenticity, Competency, Relevancy, Hearsay |
| 361 | Undated | Notes/Davis | SEC-DavisL-E-0000040 | Authenticity, Competency, Relevancy, Hearsay |
| 362 | 2/7/2014 | LPL Account Application/Davis | LPL-01-06481-86 | Authenticity, Competency, Relevancy, Hearsay |
| 363 | 3/20/2014 | Jackson Account Funded letter/Davis | LPL-DavisL-E-0000018 | Authenticity, Competency, Relevancy, Hearsay |
| 364 | 3/4/2014 | Jackson confirmation/Davis | SEC-DavisL-E-0000029-30 | |
| 365 | 3/4/2014 | Jackson Letter re Annuity Contract/Davis | SEC-DavisL-E-0000049 | |
| 366 | Undated | Jackson Annuity Application/Davis | SEC-JNLIC-E-0026696-704 | Authenticity, Competency, Relevancy, Hearsay |
| 367 | 2/27/2014 | Annuity Order Summary Report/Davis | LPL 008105-09 | Authenticity, Competency, Relevancy, Hearsay |
| 368 | 3/18/2014 | Johnston Email to Cooke re License/Fassig | LPL-01-0000231 | Authenticity, Competency, Relevancy, Hearsay |

41

| 369 | 3/26/2014 | Johnston Email to Cooke re Fassig Check Mailed | LPL-01-0000254 | Authenticity, Competency, Relevancy, Hearsay |
|---|---|---|---|---|
| 370 | 3/18/2014 | Email from Cooke to Johnston re License/Fassig | LPL-01-0003076 | Authenticity, Competency, Relevancy, Hearsay |
| 371 | 2/15/2014 | TSP-75 Election Packet/Fassig | SEC-FassigS-E-0000001-07 | Authenticity, Competency, Relevancy, Hearsay |
| 372 | 1/27/2015 | Jackson Letter/Fassig | SEC-JNLIC-E-0038245-46 | |
| 373 | 3/28/2014 | Jackson Quarterly Statement/Fassig | SEC-JNLIC-E-0038215-16 | |
| 374 | 4/15/2014 | Jackson Welcome Letter/Fassig | SEC-JNLIC-E-0038219 | |
| 375 | 3/28/2014 | Jackson Confirmation/Fassig | SEC-JNLIC-E-0038208-209 | |
| 376 | 4/27/2014 | Jackson Acknowledgement/ Fassig | SEC-JNLIC-E-0038225-26 | |
| 377 | 4/10/2014 | Form F439L-0211/Fassig | SEC-LPLF-E-0041734 | Authenticity, Competency, Relevancy, Hearsay |
| 378 | 4/10/2014 | Form F439-0512/Fassig | SEC-LPLF-E-0041735-38 | Authenticity, Competency, Relevancy, Hearsay |

| 379 | 3/20/2014 | Annuity Order Summary Report/Fassig | LPL 008163-66 | Authenticity, Competency, Relevancy, Hearsay |
| 380 | Undated | Jackson Annuity Account Application/Fassig | SEC-JNLIC-E-0038097-105 | Authenticity, Competency, Relevancy, Hearsay |
| 381 | 3/28/2014 | Jackson Annuity Contract/Fassig | SEC-JNLIC-E-0038111-207 | |
| **382-398** | | **NOT USED** | | |
| 399 | 10/23/2013 | LPL Account Application/Harwell | LPL-01-0046698-702; SEC-LPLF-E-0004455-459 | Authenticity, Competency, Relevancy, Hearsay |
| 400 | 4/10/2014 | Form F439L-0211/Harwell | SEC-LPLF-E-0042036 | Authenticity, Competency, Relevancy, Hearsay |
| 401 | 4/10/2014 | Form F439-0512/Harwell | SEC-LPLF-E-0042037-40 | Authenticity, Competency, Relevancy, Hearsay |
| 402 | 11/4/2013 | Annuity Order Summary Report/Harwell | LPL 007982-91 | Authenticity, Competency, Relevancy, Hearsay |
| **403-407** | | **NOT USED** | | |
| 408 | 12/12/2013 | Johnston letter to Berzon re Funded | SEC-BerzonR-E-0000159 | Authenticity, Competency, |

| | | | | Relevancy, Hearsay |
|---|---|---|---|---|
| 409 | Undated | TSP-75 Income Analysis/Berzon | SEC-BerzonR-E-0000156 | Authenticity, Competency, Relevancy, Hearsay |
| 410 | Undated | TSP-75 Process Page/Berzon | SEC-BerzonR-E-0000157 | Authenticity, Competency, Relevancy, Hearsay |
| 411 | Undated | Notes/Berzon | SEC-BerzonR-E-0000155 | Authenticity, Competency, Relevancy, Hearsay |
| 412 | 11/18/2013 | TSP Election Form Packet/Berzon | SEC-BerzonR-E-0000168-78 | Authenticity, Competency, Relevancy, Hearsay |
| 413 | Undated | SunAmerica Annuity Application-Enrollment Form/Berzon | SEC-BerzonR-E-0000162-67 | Authenticity, Competency, Relevancy, Hearsay |
| 414 | Undated | SunAmerica Pamphlet/Berzon | SEC-BerzonR-E-0000086-97 | |
| 415 | 11/4/2013 | Notes/Berzon | SEC-BerzonR-E-0000154 | Authenticity, Competency, Relevancy, Hearsay |
| 416 | 1/25/2016 | LPL Disavowal Letter/Berzon | SEC-BerzonR-E-0000014-15 | Authenticity, Competency, Relevancy, Hearsay |
| 417 | 4/2/2014 | LPL Account Application/Berzon | LPL-006348-6352 | Authenticity, Competency, Relevancy, Hearsay |

| 418 | 12/17/2013 | LPL Important Info Form, Funds/Berzon | SEC-LPLF-E-0041880 | Authenticity, Competency, Relevancy, Hearsay |
|---|---|---|---|---|
| 419 | 12/17/2013 | LPL Important Info Form, Annuities/Berzon | SEC-LPLF-E-0041881-84 | Authenticity, Competency, Relevancy, Hearsay |
| 420 | 12/2/2013 | Annuity Order Summary Report/Berzon | LPL 007992-96 | Authenticity, Competency, Relevancy, Hearsay |
| **421-444** | | **NOT USED** | | |
| 445 | 4/19/2014 | LPL Account Application/Hager | LPL-01-0046946-51 | Authenticity, Competency, Relevancy, Hearsay |
| 446 | 4/11/2014 | Johnston Letter to Hager – Annuity Contract | SEC-HagerN-E-0000009 | Authenticity, Competency, Relevancy, Hearsay |
| 447 | 4/24/2014 | Jackson Letter requesting Contract Form Signature (with notes)/Hager | SEC-HagerN-E-0000006 | Authenticity, Competency, Relevancy, Hearsay |
| 448 | 4/8/2014 | Jackson Confirmation/Hager | SEC-HagerN-E-0000001-02 | |
| 449 | 4/1/2014 | TSP Withdrawal Notice/Hager | SEC-HagerN-E-0000019-20 | Authenticity, Competency, Relevancy, Hearsay |

| 450 | 4/9/2014 | LPL Welcome Letter/Hager | SEC-HagerN-E-0000014-18 | |
| 451 | 3/27/2014 | TSP-75 Election Form/Hager | SEC-HagerN-E-0000010-13 | Authenticity, Competency, Relevancy, Hearsay |
| 452 | 3/28/2014 | Three page extract from LPL Account Application/Hager | SEC-HagerN-E-0000003-05 | Authenticity, Competency, Relevancy, Hearsay |
| 453 | 1/15/2015 | Email from T. Miller to Cooke re Hager Phone Message-Hager's Question re Variable Annuity with Jackson | SEC-MillerT-E-0000013 | Authenticity, Competency, Relevancy, Hearsay |
| 454 | 4/3/2014 | TSP Disbursement Notice and check/Hager | SEC-JNLIC-E-0053043-45 | |
| 455 | 4/24/2014 | Jackson Letter re Signature/Hager | SEC-JNLIC-E-0053157 | Authenticity, Competency, Relevancy, Hearsay |
| 456 | | **NOT USED** | | |
| 457 | 4/19/2014 | Jackson Acknowledgment Form/Hager | SEC-JNLIC-E-0053163-64 | Authenticity, Competency, Relevancy, Hearsay |
| 458 | Undated | Jackson Annuity Application, unsigned/Hager | SEC-JNLIC-E-0053046-54 | Authenticity, Competency, Relevancy, Hearsay |

| 459 | 4/8/2014 | Jackson Annuity Contract/Hager | SEC-JNLIC-E-0053058-150 | |
| 460 | 4/9/2014 | Jackson Acknowledgement Form signed/Hager | SEC-JNLIC-E-0053167-68 | Authenticity, Competency, Relevancy, Hearsay |
| 461 | 4/19/2014 | Form F439L-0211/Hager | SEC-LPLF-E-0041979 | Authenticity, Competency, Relevancy, Hearsay |
| 462 | 4/19/2014 | Form F439-0512/Hager | SEC-LPLF-E-0041980-83 | Authenticity, Competency, Relevancy, Hearsay |
| 463 | 4/8/2014 | Annuity Order Summary Report/Hager | LPL 008211-15 | Authenticity, Competency, Relevancy, Hearsay |
| **464-471** | | **NOT USED** | | |
| 472 | 2/21/2016 | Email Skillman to Cooke/Sakraida TSP-70 | SEC-FINRA-E-0115918-19 | Authenticity, Competency, Relevancy, Hearsay |
| 473 | 2/20/2014 | Email chain Sakraida and Cooke re Form TSP-75 Election Forms | SEC-SakraidaJ-E-0000030-33 | Authenticity, Competency, Relevancy, Hearsay |
| **474-480** | | **NOT USED** | | |
| 481 | 1/29/2014 | FEBC Website Download/Sakraida | SEC-SakraidaJ-E-0000008-12 | |

| 482 | 8/23/2018 | Email from Cooke to S. Councill and Sakraida and re SEC Case Update | SEC-SakraidaJ-E-0000002-03 | Authenticity, Competency, Relevancy, Hearsay |
| --- | --- | --- | --- | --- |
| 483 | Undated | Notes/Sakraida | SEC-SakraidaJ-E-0000015-18 | Authenticity, Competency, Relevancy, Hearsay |
| **484-526** | | **NOT USED** | | |
| 527 | 6/5/2015 | Email chain, Diane Foster and Cooke Post Transfer Question | SEC-FINRA-E-0120325-27 | Authenticity, Competency, Relevancy, Hearsay |
| **528-533** | | **NOT USED** | | |
| 534 | 6/6/2014 | LPL Account Application/Estes | SEC-LPLF-E-0004930-36 | Authenticity, Competency, Relevancy, Hearsay |
| 535 | 7/11/2014 | LPL Account Application/Estes (second) | SEC-LPLF-E-0004937-42 | Authenticity, Competency, Relevancy, Hearsay |
| 536 | 7/9/2014 | Transaction confirmation/Estes | SEC-EstesI-E-0000014-15 | |
| 537 | 7/9/2014 | LPL Welcome Letter/Estes | SEC-EstesI-E-0000011-13 | |
| 538 | 6/16/2014 | TSP-75 Election Packet/Estes | SEC-EstesI-000003-10 | Authenticity, Competency, Relevancy, Hearsay |

| 539 | Undated | TSP Analysis/Estes | SEC-LONGB-LW-E-0006437-47 | Authenticity, Competency, Relevancy, Hearsay |
|-----|---------|--------------------|---------------------------|----------------------------------------------|
| 540 | Undated | TSP-Analysis/Estes (second version) | SEC-LONGB-LW-E-0006426-36 | Authenticity, Competency, Relevancy, Hearsay |
| 541 | 7/9/2014 | Jackson Welcome Letter/Estes | SEC-JNLIC-E-0037143 | |
| 542 | 7/3/2014 | TSP Disbursement FBO and Check/Estes | SEC-JNLIC-E-0037032-35 | Authenticity, Competency, Relevancy, Hearsay |
| 543 | 7/22/2014 | Jackson Notice-Replacement of Life Insurance or Annuities /Estes | SEC-JNLIC-E-0037162 | Authenticity, Competency, Relevancy, Hearsay |
| 544 | Undated | Jackson Variable and Fixed Annuity Application/Estes | SEC-JNLIC-E-0037036-44 | Authenticity, Competency, Relevancy, Hearsay |
| 545 | 7/9/2014 | Jackson Annuity Contract and Letter to Laws/Estes | SEC-JNLIC-E-0037048-141 | |
| 546 | 7/28/2014 | Signed Jackson Delivery Receipt (from FEBC)/Estes | SEC-JNLIC-E-0037160 | |
| 547 | 7/27/2014 | Signed Jackson Acknowledgement Form (from FEBC)/Estes | SEC-JNLIC-E-0037161 | |

| 548 | 7/27/2014 | Form F439L-0211/Estes | LPL 008377 | Authenticity, Competency, Relevancy, Hearsay |
| 549 | 7/27/2014 | Pages 3 & 4 of Form 439-0512/Estes | LPL 008378-79 | Authenticity, Competency, Relevancy, Hearsay |
| 550 | 7/27/2014 | Page 4 of 5 of ACORD 951/Estes | LPL 008380 | Authenticity, Competency, Relevancy, Hearsay |
| 551 | 6/13/2013 | LPL Account Application-Retirement/Jiles | LPL-005969 - 74 | Authenticity, Competency, Relevancy, Hearsay |
| 552 | 12/7/2012 | Quick Quote Summary with notes/Jiles | SEC-Jiles-E-0000122 | Authenticity, Competency, Relevancy, Hearsay |
| 553 | 8/20/2012 | MetLife VA Confirmation Statement/Jiles | SEC-Jiles-E-0000123-124 | Authenticity, Competency, Relevancy, Hearsay |
| 554 | 8/20/2012 | MetLife VA Statement Confirmation/Jiles | SEC-Jiles-E-0000082-83 | Authenticity, Competency, Relevancy, Hearsay |
| 555 | | Chris Laws FEBC Business Card | SEC-Jiles-E-0000089 | Authenticity, Competency, Relevancy, Hearsay |
| 556 | 6/1/2013 | Chris Laws Note to Jiles, attaching TSP Annuity Calculator and TSP | SEC-Jiles-E-0000090-92 | Authenticity, Competency, Relevancy, Hearsay |

| | | Retirement Distribution Analysis | | |
|---|---|---|---|---|
| 557 | 8/30/2012 | S. Johnston Handwritten Note to Jiles forwarding Laws Keystone Business Card and MetLife Annuity Contract | SEC-Jiles-E-0000001-81 | Authenticity, Competency, Relevancy, Hearsay |
| **558** | | **NOT USED** | | |
| 559 | 6/15/2012 | LPL Annuity Order Summary Report/Jiles | SEC-LPLF-E-0007809-813 | Authenticity, Competency, Relevancy, Hearsay |
| 560 | 9/9/2012 | Important Information re Funds/Jiles | SEC-LPLF-E-0007817 | Authenticity, Competency, Relevancy, Hearsay |
| 561 | 9/9/2012 | Important Information re Annuity/Jiles | SEC-LPLF-E-0007814- 816 | Authenticity, Competency, Relevancy, Hearsay |
| **562-601** | | **NOT USED** | | |
| 602 | Undated | LPL Account Application/clean | Inv. Ex. 60 | Relevancy, Hearsay |
| 603 | 12/18/2014 | TSP Referral Form/Hanney | Inv. Ex. 70 | Authenticity, Competency, Relevancy, Hearsay |
| 604 | Undated | Redacted Federal Benefits Questionnaire | Inv. Ex. 83 | Authenticity, Competency, |

| | | | | |
|---|---|---|---|---|
| | | | | Relevancy, Hearsay |
| **605-622** | | **NOT USED** | | |
| 623 | 9/2014 | Jackson Annuity Account Application/ Barlow | SEC-JNLIC-E-0002793-2801 | |
| 624 | Undated | Jackson Variable Annuities | SEC-LPL JNL 005-000741-865 | Authenticity, Competency, Relevancy, Hearsay |
| 625 | 9/12/2012 | LifeGuard Freedom Flex DB Multimedia Script | SEC-LPL JNL 005-004197-211 | Authenticity, Competency, Relevancy, Hearsay |
| 626 | 8/1/2011 | LifeGuard Freedom Suite of Living Benefits | SEC-LPL JNL 005-002409-43 | Authenticity, Competency, Relevancy, Hearsay |
| 627 | 4/30/2012 | Jackson Prospectus Perspective Rewards | SEC-JNLIC-E-0028728-9551 | |
| 628 | 4/29/2013 | Jackson Prospectus Perspective II- Flexible Premium Fixed and Variable Deferred Annuity (9/10/2012 | SEC-JNLIC-E-0000939-1726 | |
| 629 | 4/28/2014 | Jackson Prospectus Perspective II-Flexible Premium Fixed and Variable Deferred Annuity (9/10/2012) | SEC-JNLIC-E-0002020-739 | |

| 630 | 9/16/2013 | Jackson Perspective II Prospectus Supplement (9/16, 2013 to the Prospectus (4/29/2013) | SEC-JNLIC-E-0134263-72 | |
|---|---|---|---|---|
| 631 | 7/22/2015 | Email from Johnston to Long and cc: Miller re TSP Referral- Anthony Menichino | SEC-FINRA-E-0085368-69 | Authenticity, Competency, Relevancy, Hearsay |
| 632 | 11/8/2016 | Federal Mailer Spreadsheet | SEC-FINRA-E-0062253 | Authenticity, Competency, Relevancy, Hearsay |
| 633 | 11/4/2015 | Federal Mailing Spreadsheet | SEC-FINRA-E-0185088 | Authenticity, Competency, Relevancy, Hearsay |
| 634 | 6/30/2016 | Federal Mailing Spreadsheet | SEC-FINRA-E-228332 | Authenticity, Competency, Relevancy, Hearsay |
| 635 | 6/9/2015 | List of Federal Employees | Keystone 000672-919 | Authenticity, Competency, Relevancy, Hearsay |
| 636 | 6/12/2012 | Email from Walter to Laws, with attachment re Federal Employee Benefits Program | Inv. Ex. 37 | Authenticity, Competency, Relevancy, Hearsay |
| 637 | Multiple | 2012 Federal Employees | LPL-01-0034445 | Authenticity, Competency, |

| | | | | Relevancy, Hearsay |
|---|---|---|---|---|
| 638 | 12/2/2014 | Email from Hood to Bohlinger and Perspective II Fixed and Variable Annuity Historical Illustration | Keystone 023196-206 | Authenticity, Competency, Relevancy, Hearsay |
| 639 | 11/10/2015 | Email from Ragan to Vandom re "Confused" | SEC-FINRA-E-0061318-19 | Authenticity, Competency, Relevancy, Hearsay |
| 640 | Undated | Thrift Savings Plan Analysis /Powell | Keystone-012336 (slip sheet) | Authenticity, Competency, Relevancy, Hearsay |
| 641 | 3/1/2012 | Email between Dax Cooke, Davy and Taralyn Zerges re Keystone Proofs | SEC-Amplifii-E-0000091-98 | Authenticity, Competency, Relevancy, Hearsay |
| 642 | 10/25/2012 | Mail Sort, Inc. Invoice to Keystone Wealth Management, w/ attachments (Postal and Federal) | SEC-Amplifii-E-0000297-321 | Authenticity, Competency, Relevancy, Hearsay |
| 643 | 10/31/2013 | Invoice to Keystone Wealth Management, w/ attachments (Federal)/ Amplifii | SEC-Amplifii-E-0000441-54 | Authenticity, Competency, Relevancy, Hearsay |
| 644 | 11/30/2013 | Invoice to Keystone Wealth Management, w/ | SEC-Amplifii-E-0000712-24 | Authenticity, Competency, Relevancy, Hearsay |

|  |  | attachments (FEGLI)/ Amplifii |  |  |
|---|---|---|---|---|
| 645 | 4/17/2014 | Invoice to Keystone Wealth Management, w/ attachments (FEGLI)/ Amplifii | SEC-Amplifii-E-0000575-91 | Authenticity, Competency, Relevancy, Hearsay |
| 646 | Multiple | 2013 Invoices to Keystone Wealth Management (Federal)/ Amplifii | SEC-Amplifii-E-030-31, 033, 035-36; 038, 041, 043, 045-46, 049, 051, 053, 055-56, 058-59 | Authenticity, Competency, Relevancy, Hearsay |
| 647 | Multiple | 2013 Invoices to Keystone Wealth Management (FEGLI)/ Amplifii | SEC-Amplifii-E-0000028, 032, 037, 039-40, 042, 044, 047-48, 050, 052, 054, 057, 061 | Authenticity, Competency, Relevancy, Hearsay |
| 648 | Multiple | 2014 Invoices to Keystone Wealth Management (Federal)/ Amplifii | SEC-Amplifii-E-0000064, 066, 068, 071-76, 078-79 | Authenticity, Competency, Relevancy, Hearsay |
| 649 | Multiple | 2014 Invoices to Keystone Wealth Management (FEGLI)/ Amplifii | SEC-Amplifii-E-0000062-63, 065, 067, 069-70, 077, | Authenticity, Competency, Relevancy, Hearsay |

| 650 | 3/31/2013 | March 2013 Invoice to Keystone Wealth Management (VA Hospital)/Amplifii | SEC-Amplifii-E-0000034 | Authenticity, Competency, Relevancy, Hearsay |
|---|---|---|---|---|
| 651 | Multiple Dates | TSP Referral Sheets | SEC-LongB-LW-E-0000140, 147, 276; Keystone 022054, 022058 | Authenticity, Competency, Relevancy, Hearsay |
| 652 | Multiple Dates | TSP Referral Sheets/ Ragan | Keystone 021994, 022009, 022024, 022072, 023550 | Authenticity, Competency, Relevancy, Hearsay |
| 653 | 3/15/2012 | LPL Inspection letter to Laws | LPL-01-0028887-890, SEC-LPLF-E-0007456-59 | Authenticity, Competency, Relevancy, Hearsay |
| 654 | 3/15/2012 | LPL letter to Laws re Inspection, with Checkmarks | LPL-01-38548-51 | Authenticity, Competency, Relevancy, Hearsay |
| 655 | 3/20/2013 | Email between Currie, Teubner re Google Search for 4KAB Chris Laws | Inv. Ex. 169 | Authenticity, Competency, Relevancy, Hearsay |
| 656 | 3/22/2013 | Kisch forwarding Email re Chris laws | Inv. Ex. 170 | Authenticity, Competency, |

| | | | | |
|---|---|---|---|---|
| | | | | Relevancy, Hearsay |
| 657 | 2/28/2014 | Email from Teubner to Laws, re LPL Branch Exam | Inv. Ex. 42 | Authenticity, Competency, Relevancy, Hearsay |
| 658 | 10/20/2014 | Email chain/Braden-Das Re Christopher Laws | Inv. Ex. 43 | Authenticity, Competency, Relevancy, Hearsay |
| 659 | 3/19/2013 | SEC letter to Laws re Exam | Inv. Ex. 168 | Competency, Relevancy, Hearsay |
| 660 | 3/24/2013 | LPL Response to SEC Letter | LPL-01-0034357-62, 34128, 34363, 34127, 34126 and native files | Authenticity, Competency, Relevancy, Hearsay |
| 661 | 3/26/2013 | Email from Simigian to Laws – Examination LPL Financial Alpharetta Branch | LPL-01-0052132 | Authenticity, Competency, Relevancy, Hearsay |
| 662 | Undated | Email from Simigian to Laws re Exam | LPL-01-0036495-96 | Authenticity, Competency, Relevancy, Hearsay |
| 663 | Undated | Request from OCIE for Information | LPL-01-0034386-87 | Competency, Relevancy, Hearsay |
| 664 | 3/27/2013 | LPL Response to SEC Exam Request | LPL-01-0035780-83 | Competency, Relevancy, Hearsay |

| 665 | 5/3/2013 | LPL Response to SEC Exam Request | LPL-01-0036504-07 | Competency, Relevancy, Hearsay |
|---|---|---|---|---|
| 666 | 5/6/2013 | LPL Response to SEC Exam Request | LPL-01-0036508-10 | Competency, Relevancy, Hearsay |
| 667 | 8/28/2013 | SEC letter to LPL re Examination of LPL | Inv. Ex. 171 | Competency, Relevancy, Hearsay |
| 668 | 9/27/2013 | LPL response to SEC Letter | Inv. Ex. 172 | Competency, Relevancy, Hearsay |
| 669 | 8/7/2014 | SEC Letter to Shorris (LPL) re Examination of Alpharetta | KEY2SEC000193-98 | Authenticity, Competency, Relevancy, Hearsay |
| 670 | 8/21/2014 | LPL Response to SEC Alpharetta Examination Request | LPL-01-0040619-22 | Competency, Relevancy, Hearsay |
| 671 | 8/22/2014 | LPL Response to SEC Exam Request | LPL-01-0040626-28 | Competency, Relevancy, Hearsay |
| 672 | 9/2/2014 | LPL Response to SEC Exam Request | LPL-01-0040635-37 | Competency, Relevancy, Hearsay |
| 673 | 9/16/2014 | LPL Response to SEC Exam Request | LPL-01-0040787-91 | Competency, Relevancy, Hearsay |
| 674 | 9/19/2014 | LPL Response to SEC Exam Request (Simigian) w/ attach Excel Spreadsheet of | LPL-01-0040792-95 | Authenticity, Competency, Relevancy, Hearsay |

| | | customers who received mailer | | |
|---|---|---|---|---|
| 675 | 9/23/2014 | LPL Response to SEC Exam Request | LPL-01-0040800-02 | Competency, Relevancy, Hearsay |
| 676 | Undated | Email from Simigian to Teunisen | LPL-01-0040810 | Authenticity, Competency, Relevancy, Hearsay |
| 677 | 10/3/2014 | LPL Response to SEC Exam Request | LPL-01-0040807-09 | Competency, Relevancy, Hearsay |
| 678 | Undated | Email from Simigian to Teunisen | LPL-01-0040813 | Authenticity, Competency, Relevancy, Hearsay |
| 679 | 10/8/2014 | LPL Response to SEC Exam Request/Teunisen | LPL-01-0040814-16 | Competency, Relevancy, Hearsay |
| 680 | 10/27/2014 | SEC Letter to LPL re Examination of LPL | Inv. Ex. 174 | Competency, Relevancy, Hearsay |
| 681 | 12/1/2014 | LPL Termination Letter to Laws | LPL-01-0031608 | Authenticity, Competency, Relevancy, Hearsay |
| 682 | 12/12/2014 | LPL Response to SEC | Inv. Ex. 175 | Competency, Relevancy, Hearsay |
| 683 | 2/15/2015 | LPL Letter to SEC | LPL-01-0048605-10 | Competency, Relevancy, Hearsay |
| 684 | 8/31/2015 | LPL Letter to SEC | LPL-01-0050977 – 987 | Competency, Relevancy, Hearsay |

| 685 | 9/30/2015 | LPL Supplemental Response to SEC | SEC-LPLF-E-0071259-61 | Competency, Relevancy, Hearsay |
| 686 | 12/1/2015 | LPL lawyer's (Sidley) Letter to SEC | SEC-LPLF-E-0071556-67 | Competency, Relevancy, Hearsay |
| 687 | 12/18/2015 | LPL lawyer's (Sidley) to SEC | Inv. Ex. 167 | Competency, Relevancy, Hearsay |
| 688 | 4/15/2016 | LPL lawyer's (Sidley) to SEC | LPL-00-0001-05 | Competency, Relevancy, Hearsay |
| 689 | 6/20/2016 | LPL lawyer's (Sidley) to SEC | LPL-00-0024-29 | Competency, Relevancy, Hearsay |
| 690 | 12/5/2016 | LPL lawyer's (Sidley) to SEC (white paper) | LPL-00-0034-53 | Competency, Relevancy, Hearsay |
| 691 | 12/5/2016 | LPL lawyer's (Sidley) to SEC | LPL-00-0032-33 | Competency, Relevancy, Hearsay |
| 692 | 3/10/2017 | LPL lawyer's (Sidley) to SEC | LPL-00-0054-60 | Competency, Relevancy, Hearsay |
| 693 | 6/16/2017 | LPL lawyer's (Sidley) to SEC | | Competency, Relevancy, Hearsay |
| 694 | Undated | LPL OSJ Manager Interview Questionnaire | LPL-01-0040570-596 | Authenticity, Competency, Relevancy, Hearsay |
| 695 | Undated | LPL OSJ Manager Interview doc | LPL-01-0048050-312 | Authenticity, Competency, Relevancy, Hearsay |

| 696 | Undated | LPL OSJ manager Interview doc | LPL-01-0048313-604 | Authenticity, Competency, Relevancy, Hearsay |
|-----|---------|------------------------------|--------------------|-----------------------------------------------|
| 697 | 2/16/2012 | Branch Manager Financial Adviser Questionnaire, Completed/Laws | LPL-01-0034435-43 | Authenticity, Competency, Relevancy, Hearsay |
| 698 | 2/19/2012 | Branch Manager Financial Adviser Questionnaire, Completed/Cooke | LPL-01-0035430-37 | Authenticity, Competency, Relevancy, Hearsay |
| 699 | 10/29/2014 | Cooke, Das emails with Branch Manager Financial Adviser Questionnaire | LPL-01-0003262-71 | Authenticity, Competency, Relevancy, Hearsay |
| 700 | 1/9/2009 | Branch Manager Supervisory and Training Obligations/Cooke | LPL-01-0041151-53; | Authenticity, Competency, Relevancy, Hearsay |
| 701 | 5/15/2009 | Email string between Dax Cooke, Mary Howard re Dax Cooke Variable Life | LPL-01-0041171-73 | Authenticity, Competency, Relevancy, Hearsay |
| 702 | 7/12/2005 | LPL Rep Agreement/Laws | LPL-01-0002695-713 | Competency, Relevancy |
| 703 | 5/27/2009 | LPL Financial – Representative | SEC-LPLF-E-0003818-40 | Deposition Exhibit 70 |

|  |  | Agreement-90% Commission Schedule |  |  |
|---|---|---|---|---|
| 704 | 10/17/2012 | LPL Representative Agreement/Hood | LPL-01-0040717-33 | Authenticity, Competency, Relevancy, Hearsay |
| 705 | 10/15/2012 | LPL Hybrid Representative Agreement/Hood | LPL-01-0006968-84 | Authenticity, Competency, Relevancy, Hearsay |
| 706 | 8/1/2006 | LPL Branch Office Manager Agreement/Laws | SEC-LPLF-E-0003861-63 | Authenticity, Competency, Relevancy, Hearsay |
| 707 | 5/12/2009 | LPL Email Policy Attestation/Cooke | LPL-01-0041180 | Authenticity, Competency, Relevancy, Hearsay |
| 708 | 1/10/2012 | LPL Advisor Compliance Manual (extract) | SEC-LPLF-E-0006685-90 | Authenticity, Competency, Relevancy, Hearsay |
| 709 | 2/4/2013 | LPL Advisor Compliance Manual | LPL-01-0033103-573 | Authenticity, Competency, Relevancy, Hearsay |
| 710 | 2/19/2014 | LPL Advisor Compliance Manual | LPL-01-0038559-799 | Authenticity, Competency, Relevancy, Hearsay |
| 711 | 11/15/2013 | LPL Written Supervisory Procedures (extract) | Inv. Ex. 40 | Authenticity, Competency, Relevancy, Hearsay |

| 712 | 4/11/2014 | LPL Written Supervisory Procedures (extract) | Inv. Ex. 73 | Authenticity, Competency, Relevancy, Hearsay |
|-----|-----------|------|------|------|
| 713 | 5/16/2014 | LPL Written Supervisory Procedures (extract) | LPL-01-0040060-61; LPL-01-0040155-56; LPL-01-0040188-99; LPL-01-0040259-84 | Authenticity, Competency, Relevancy, Hearsay |
| 714 | 5/12/2009 | LPL Outside D/B/A Form | SEC-LPLF-E-0003810-12 | Authenticity, Competency, Relevancy, Hearsay |
| 715 | 10/9/2014 | Email chain, between Laws, McLay re LPL Financial: Conversation about Federal Benefit Counselors | LPL-01-0001831-33 | Authenticity, Competency, Relevancy, Hearsay |
| **716** | | **NOT USED** | | |
| 717 | 11/19/2014 | Email from Desautels to Page with Cooke Statement and Exhibits | LPL-01-0052412-27 | Authenticity, Competency, Relevancy, Hearsay |
| 718 | 7/9/2014 | Rodriguez Email with VA Sales Report, Jan-Jun 2014 | LPL-01-0030725 | Authenticity, Competency, Relevancy, Hearsay |
| 719 | 2/27/2014 | Larkin Email with Top Producers 2013 List | LPL-01-0030523 | Authenticity, Competency, |

| | | | | Relevancy, Hearsay |
|---|---|---|---|---|
| 720 | 8/21/2014 | Commission Summary/Laws | LPL-01-0040610 | Authenticity, Competency, Relevancy, Hearsay |
| 721 | 8/21/2014 | Commission Summary/Cooke | LPL-01-0040615 | Authenticity, Competency, Relevancy, Hearsay |
| 722 | 8/21/2014 | Commission Summary/Hood | LPL-01-0040614 | Authenticity, Competency, Relevancy, Hearsay |
| 723 | 2/8/2014 | Jackson National Commission Schedule-Variable Annuities | SEC-FINRA-E-0173457-58 | Authenticity, Competency, Relevancy, Hearsay |
| 724 | Undated | Agent Training Presentation and other Materials Provided to SEC Exam Staff | LPL-01-0035784-90, LPL-01-0034444-445 | Authenticity, Competency, Relevancy, Hearsay |
| 725 | 10/30/2014 | Laws Email re Jackson Link | KEY2SEC00085 | |
| 726 | 3/15/2012 | Laws Email to Huynh re LPL FEBC | LPL-01-0004030 | Authenticity, Competency, Relevancy, Hearsay |
| 727 | 3/15/2012 | Email and Audit Docs/LPL | SEC-LPLF-E-0007199-420 | Authenticity, Competency, Relevancy, Hearsay |

| 728 | 6/18/2015 | Email from Cooke to A. Paglione re Business Summary and Company Financials, w/ attachments | SEC-FINRA-E-0049277-292 and native file | Authenticity, Competency, Relevancy, Hearsay |
|---|---|---|---|---|
| 729 | 11/19/2014 | ABC Presentation Worksheet/Braden | Inv. Ex. 46 | Authenticity, Competency, Relevancy, Hearsay |
| 730 | Multiple | Keystone Correspondence Files | Keystone_Hard _Copy001349-1817 | Authenticity, Competency, Relevancy, Hearsay |
| 731 | Multiple | LPL Annuity Order System Data | LPL 007472-8991 | Authenticity, Competency, Relevancy, Hearsay |
| 732 | Multiple | LPL Account Applications | LPL 005955-007471 | Authenticity, Competency, Relevancy, Hearsay |
| 733 | 2/13/2015 | Form U-4/Cooke | Inv. Ex. 3 | Relevancy, Hearsay |
| 734 | 7/30/2015 | Form U-4/Laws | Inv. Ex. 72 | Relevancy, Hearsay |
| 735 | Undated | LPL, AOE Document Comparison, Supervisory Principal Training Document | Inv. Ex. 41 | Authenticity, Competency, Relevancy, Hearsay |
| 736 | 3/24/2016 | Letter from Ruth Case to Jackson National re Joseph Lambert | SEC-JNLIC-E-0151438-88 | Authenticity, Competency, Relevancy, Hearsay |

| | | Complaint, with attachments | | |
|---|---|---|---|---|
| 737 | April 2012 | Generic TSP-75 Form | None | Competency, Relevancy, Hearsay |
| 738 | Jan/Feb 2015 | TSP Highlights | https://www.tsp.gov/PDF/formspubs/high15a.pdf | Competency, Relevancy, Hearsay |
| 739 | April 2015 | TSP Highlights | https://www.tsp.gov/PDF/formspubs/high15b.pdf | Competency, Relevancy, Hearsay |
| 740 | July 2013 | TSP Highlights | https://www.tsp.gov/PDF/formspubs/high13c.pdf | Competency, Relevancy, Hearsay |
| 741 | Jan/Feb 2013 | TSP Highlights | https://www.tsp.gov/PDF/formspubs/high13a.pdf | Competency, Relevancy, Hearsay |
| 742 | Jan/Feb 2012 | TSP Highlights | https://www.tsp.gov/PDF/formspubs/high12a.pdf | Competency, Relevancy, Hearsay |

| 743 | 4/23/2012 | Prudential Premier Retirement Variable Annuity X Series SM Prospectus | https://www.sec.gov/Archives/edgar/data/1021330/000119312512176152/d277332d485bpos.txt | |
| 744 | 5/1/2013 | TransAmerica Variable Annuity Prospectus | https://www.sec.gov/Archives/edgar/data/859607/000119312513164737/d448188d497.htm#pro448188_2 | |
| 745 | 5/1/2013 | Transamerica Series Trust | https://www.sec.gov/Archives/edgar/data/778207/000119312513187197/d523935d485bpos.htm#19dc65e5-2dfc-4a2f-b0d8-a0e24f988316_1 | Authenticity, Competency, Relevancy, Hearsay |
| 746 | 5/1/2013 | SunAmerica Series Trust SunAmerica Dynamic Strategy Portfolio | https://www.sec.gov/Archives/edgar/data/892538/000119312513191559/d516937d497k.htm | |

67

| 747 | 5/1/2013 | SunAmerica Series Trust SunAmerica Cash Management Portfolio | https://www.sec.gov/Archives/edgar/data/892538/000119312513190772/d516937d497k.htm | |
| 748 | 6/1/2012 | Form N-4 MetLife USA Series VA | https://www.sec.gov/Archives/edgar/data/356475/000119312512257260/d353767d485apos.txt | |
| 750 | | Burka email to Hicks and Voicemail Attachment | SEC-Burka-E-000153-54 (and native file) | Authenticity, Competency, Relevancy, Hearsay |
| 751 | | Troy call 2.m4a | SEC-LongB-E0000014 (and native file) | Authenticity, Competency, Relevancy, Hearsay |
| 752 | | New Recording m4a | SEC-LongB-E0000015 (and native file) | Authenticity, Competency, Relevancy, Hearsay |
| 753 | | Troy call 1.m4a | SEC-LongB-E0000016 (and native file) | Authenticity, Competency, Relevancy, Hearsay |
| 754 | | Prudential documents produced pursuant to trial subpoena | | Authenticity, Competency, Relevancy, Hearsay |
| 755 | | TransAmerica documents produced | | Authenticity, Competency, |

68

| | | | | |
|---|---|---|---|---|
| | | pursuant to trial subpoena | | Relevancy, Hearsay |
| 756 | | SunAmerica documents produced pursuant to trial subpoena | | Authenticity, Competency, Relevancy, Hearsay |
| 757 | | MetLife documents produced pursuant to trial subpoena | | Authenticity, Competency, Relevancy, Hearsay |
| 758 | | Any demonstrative or summary exhibits will be exchanged sufficiently in advance of the pretrial hearing to allow Defendants to review and object | | Authenticity, Competency, Relevancy, Hearsay |
| 759 | 12/30/2014 | LPL's Commission and Fee Statement year to date for Cooke, Laws, Hood and Long | SEC-LPLF-E-0003256, LPL-01-0044131, LPL-01-0044788 & LPL-01-0044985 | Authenticity, Competency, Relevancy, Hearsay |
| 760 | 4/10/2014 | Emails between Dias and Dax Cooke re TSP-75 Form | SEC-DiasR-E-0000297 | Authenticity, Competency, Relevancy, Hearsay |

| 761 | 5/13/2014 | Emails between Dias and Dax Cooke re Dias | SEC-DiasR-E-0000259 | Authenticity, Competency, Relevancy, Hearsay |
| 762 | 5/20/2014 | Emails between Dias, Johnston and Cooke re Questions re Jackson Contract | SEC-DiasR-E-0000256-258 | Authenticity, Competency, Relevancy, Hearsay |
| 763 | 5/28/2014 | Emails between Dias and Dax Cooke re Questions | SEC-DiasR-E-0000255 | Authenticity, Competency, Relevancy, Hearsay |
| 764 | 5/29/2014 | Emails between Dias and Dax Cooke | SEC-DiasR-E-0000254 | Authenticity, Competency, Relevancy, Hearsay |
| 765 | 4/12/2016 | Variable Annuity Automatic Withdrawal Request/Dias | SEC-DiasR-E-0000190-193 | |
| 766 | 7/8/2014 | Email from Chris Laws to Chapman re 2014 TSP Second Quarter Edition | SEC-ChapmanR-E-0000773-74 | Authenticity, Competency, Relevancy, Hearsay |
| 767 | 7/8/2014 | Email from Chris Laws to Tom Hendricks re 2014 TSP Second Quarter Edition | SEC-TCR-E-0000023-26 | Authenticity, Competency, Relevancy, Hearsay |

| 768 | 7/14/2014 | Email from Brandon Long to bluesteele1@live .com re 2014 TSP Second Quarter Edition | SEC-WillisL-E-0000001-03 | Authenticity, Competency, Relevancy, Hearsay |
|---|---|---|---|---|
| 769 | 7/1/2015 | Jackson Nat'l Life Business Records Certification | SEC-JNLIC-P-0000003 | Authenticity, Competency, Relevancy, Hearsay |
| 770 | 7/9/2015 | Jackson Nat'l Life Business Records Certification | SEC-JNLIC-E-0000002 | Authenticity, Competency, Relevancy, Hearsay |
| 771 | 9/8/2015 | Jackson Nat'l Life Business Records Certification | SEC-JNLIC-E-0151103 | Authenticity, Competency, Relevancy, Hearsay |
| 772 | 11/17/2013 | TSP-75 Withdrawal Request/Berzon | SEC-TSP-E-000002-005 | Authenticity, Competency, Relevancy, Hearsay |
| 773 | 11/20/2013 | TSP letter re Withdrawal/Berzon | SEC-TSP-E-000007-008 | |
| 774 | 7/30/2014 | TSP-75 Withdrawal Request/M. Burka | SEC-TSP-E-000009-011 | Authenticity, Competency, Relevancy, Hearsay |

| 775 | 8/11/2014 | TSP Letter re Withdrawal/M. Burka | SEC-TSP-E-0000012-13 | |
| 776 | 7/10/2014 | TSP-75 Withdrawal Request/Chapman | SEC-TSP-E-0000014-16 | Authenticity, Competency, Relevancy, Hearsay |
| 777 | 7/15/2014 | TSP letter re Withdrawal/Chapman | SEC-TSP-E-0000017-18 | |
| 778 | 2/18/2014 | TSP-70 Withdrawal Request/Davis | SEC-TSP-E-0000019-21 | |
| 779 | 2/24/2014 | TSP Letter re Withdrawal/Davis | SEC-TSP-E-0000022-23 | |
| 780 | 4/21/2014 | TSP Letter re Withdrawal/Dias | SEC-TSP-E-000027-28 | |
| 781 | 8/27/2013 | TSP Letter to Charles Divan | SEC-TSP-E-0000033-34 | |

| 782 | 4/3/2014 | TSP Letter to Sharon Fujii | SEC-TSP-E-0000038-39 | |
| 783 | 3/27/2014 | TSP-75 Withdrawal Request/Hager | SEC-TSP-E-0000040-42 | |
| 784 | 4/1/2014 | TSP Letter to Anton Hager | SEC-TSP-E-0000043-44 | |
| 785 | 8/1/2012 | TSP Letter to Geraldine McQuillan | SEC-TSP-E-0000059-60 | |
| 786 | 6/30/2014 | TSP-75 Withdrawal Request/Romanelli | SEC-TSP-E-0000061-63 | |
| 787 | 7/3/2014 | TSP Letter to Joseph Romanelli | SEC-TSP-E-0000064-65 | |
| 788 | 8/29/2014 | TSP-75 Withdrawal Request/Sackey | SEC-TSP-E-0000066-68 | |
| 789 | 9/5/2014 | TSP Letter to Sackey | SEC-TSP-E-0000069-70 | |

| 790 | 3/17/2014 | TSP Letter to Trawick | SEC-TSP-E-0000084-85 | |
|---|---|---|---|---|
| 791 | 7/9/2014 | TSP-75 Withdrawal Request/Wheeler | SEC-TSP-E-0000086-88 | |
| 792 | 7/11/2014 | TSP Letter to Wheeler | SEC-TSP-E-0000089-90 | |
| 793 | Undated | FEBC Spreadsheets produced to OCIE during 2014 exam in response to request for proprietary software analysis referenced on FEBC website | LPL-01-0040791 | Authenticity, Competency, Relevancy, Hearsay |
| 794 | 9/22/2014 | Email from Corles to Johnston re LPL Financial Online Training | LPL-01-0001593 | Authenticity, Competency, Relevancy, Hearsay |
| 795 | 11/4/2013 | Email from Cooke to Johnston, et al. re New Email's | Keystone 016071 | Authenticity, Competency, Relevancy, Hearsay |
| 796 | 3/20/2013 | Email from Johnston to Hood re LPL Business Card | LPL-01-0009475-76 | Authenticity, Competency, |

| | | | | Relevancy, Hearsay |
|---|---|---|---|---|
| 797 | 3/20/2013 | Email from Johnston to Hood re LPL Business Card | LPL-01-0009493-94 | Authenticity, Competency, Relevancy, Hearsay |
| 798 | 4/22/2013 | Email from Johnston to Laws re Brett DeBari | LPL-01-0009677-78 | Authenticity, Competency, Relevancy, Hearsay |
| 799 | 11/15/2012 | Email from Johnston to FEBC employees re dropbox.com | LPL-01-0007386 | Authenticity, Competency, Relevancy, Hearsay |
| **800** | | **NOT USED** | | |
| 801 | 4/3/2014 | Representative Agreement between LPL Financial LLC and Brandon Long | Keystone00262 2-42 | Authenticity, Competency, Relevancy, Hearsay |
| 802 | 6/19/2018 | Cooperation Agreement/Brandon Long | | Authenticity, Competency, Relevancy, Hearsay |

| 803 | 6/19/2018 | Cooperation Agreement/Danny Hood | | Authenticity, Competency, Relevancy, Hearsay |
|-----|-----------|----------------------------------|--|----------------------------------------------|
| 804 | 9/19/2019 | Declaration of David Little Certifying Records of Regularly Conducted Business Activity for Thrift Savings Plan | SEC-TSP-E-0000135 | Authenticity, Competency, Relevancy, Hearsay |
| 805 | 3/7/2014 | Notes/ Sobsey | SEC-SobseyRA-E-000081 | Authenticity, Competency, Relevancy, Hearsay |
| 806 | Undated | American General Life Insurance Contract/ Acquinette Bush-Harwell | SEC-BushHarwell-E-0000001-54 | |
| 807 | 2/7/2014 | Email from Cooke to Robert Sobsey, forwarded to Alice Sobsey, attaching TSP 70 Election Forms, TSP Report, Jackson Transfer Forms and Jackson Brochure | Native | Authenticity, Competency, Relevancy, Hearsay |
| 808 | 2/24/2014 | Email exchange between Cooke and Alice Sobsey re TSP Rollover to Jackson, with attached | Native | Authenticity, Competency, Relevancy, Hearsay |

| | | TSP 70 Election Form and F1BR Form | | |
|---|---|---|---|---|
| 809 | 10/24/2014 | TSP-75 Withdrawal Request/Barlow | SEC-TSP-E-0000098-100 | Authenticity, Competency, Relevancy, Hearsay |
| 810 | 10/28/2014 | TSP Letter to Barlow | SEC-TSP-E-0000096-97 | |
| 811 | 10/28/2013 | TSP Letter to A.L. Bush-Harwell | SEC-TSP-E-0000119-20 | |
| 812 | 10/22/2013 | TSP-75 Withdrawal Request A.L. Bush-Harwell | SEC-TSP-E-0000121-23 | |
| 813 | 2/15/2014 | TSP-75 Withdrawal Request/M. Fassig | SEC-TSP-E-0000093-95 | |
| 814 | 3/14/2014 | TSP letter to Samuel M. Fassig | SEC-TSP-E-0000091-92 | |

| 815 | 6/13/2012 | TSP-75 Withdrawal Request/Jiles | SEC-TSP-E-0000138-41 | |
| 816 | 8/15/2012 | TSP Letter to Samuel K. Jiles | SEC-TSP-E-0000136-37 | |
| 817 | 1/9/2014 | TSP-75 Withdrawal Request/Lopez | SEC-TSP-E-0000109-11 | |
| 818 | 1/14/2014 | TSP Letter to Lopez | SEC-TSP-E-0000107-08 | |
| 819 | 7/15/2013 | TSP-75 Withdrawal Request/Schlachter | SEC-TSP-E-0000132-34 | |
| 820 | 7/29/2013 | TSP Letter Schlachter | SEC-TSP-E-0000130-31 | |
| 821 | 9/15/2014 | TSP-75 Withdrawal Request/Jane B. Speed | SEC-TSP-E-0000104-06 | |
| 822 | 9/18/2014 | TSP Letter to Jean B. Speed | SEC-TSP-E-0000101-03 | |

| 823 | Undated | Fre3dom – Beyond Retirement Income | SEC-LPL-JNL 005 - 003113-49 | Authenticity, Competency, Relevancy, Hearsay |
|---|---|---|---|---|
| 824 | 8/11/2014 | Form F439L-0211/Dias | SEC-LPLF-E-0041874 | Authenticity, Competency, Relevancy, Hearsay |
| 825 | 8/11/2014 | Form F439-0512/Dias | SEC-LPLF-E-0041875-78 | Authenticity, Competency, Relevancy, Hearsay |
| **826** | | **NOT USED** | | |
| 827 | 1/19/2014 | Chris Laws Email to Dax Cooke, Danny Hood and others re Benefit Review Software | SEC-HoodD-E-0000017-18, 021<br><br>native version | |
| 828 | Undated | JNL Lifeguard Freedom Flex (7% Bonus with Annual Step-Up) Disclosure Document | SEC-LPL JNL 005-003980-981 | |
| 829 | 10/24/2012 | Split Commission Fee Agreement/Hood | LPL-01-0041444-45 | |

| 830 | 4/17/2014 | Email from Cooke to Sandra Dias re Forms Received | SEC-DiasR-0000285 | |
| 831 | 5/14/2014 | Dias production of Jackson and LPL Forms | SEC-DiasR-0000003-009 | |
| 832 | 2/6/2014 | Email from Hood to Cooke w/ attachment-Jackson Living Benefit | KEY2SEC 002262-263 | |
| 833 | 3/12/2014 | Email from Cooke to Laws, TSP-70 Forms Packet with Auto Entry (w/attachment) | SEC-HoodD-E-0000105-116 | |
| 834 | Undated | Thrift Savings Plan Analysis/Wheeler (handwritten notes) | SEC-WheelerK-E-0000034-46 | |
| 835 | 12/27/2019 | Final Judgment as to Defendant Christopher S. Laws | | |
| 836 | 10/05/2017 | Judgment as to Defendant Brandon P. Long | | |
| 837 | 8/9/2017 | FEBC Press Release Business Wire/Enterpreneurs Claim Defamation and in SEC 's FEBC Case | | |
| 838 | 6/14/2014 | Brandon Long's Email to 2025@hotmail.com re Leroy Willis – TSP-75 | Inv. Exhibit 51" | |

| | | Personalized & Election Form, with Attachment – Thrift Savings Plan Analysis/Smith | | |
|---|---|---|---|---|
| 839 | 2/7/2014 | Email from Cooke to Davis containing TSP Election Report | SEC-DavisL-E-0000190-95 | |
| 840 | 2/9/2015 | Email chain between Cooke Davis re Jackson Annuity Plan | SEC-DavisL-E-0000124-27 | |
| 841 | 3/7/2014 | Letter from Johnston to Davis  Jackson Account has been Funded | SEC-DavisL-E-0000081-86 | |
| 842 | 2/9/2015 | Email from Johnston to Davis re:  Jackson Accounts – Partial Withdrawals | SEC-DavisL-E-0000198-207 | |
| 843 | 1/21/2020 | TSP Declaration | SEC-TSP-E-0000214 | |
| 844 | 5/2012 | In-Service Withdrawals | SEC-TSP-E-0000142-165 | |
| 845 | 5/2012 | Withdrawing Your TSP Account –After Leaving Federal Service | SEC-TSP-E-0000166-189 | |
| 846 | 5/2012 | Your TSP Account – A Guide for Beneficiary Participants | SEC-TSP-E-0000190-213 | |

| 847 | 4/4/2016 | Notes/Wheeler | SEC-Wheeler-E-0000071 | |
| 848 | 10/3/2018 | Kathy Davis (Jackson) Letter to Kathy Wheeler w/enclosure – Federal Benefits Evaluation | SEC-Wheeler-E-0000072 | |
| 849 | 8/23/2017 | Email from Fujii to Murnahan re SEC Charges | SEC-FujiiS-E-0000122-23 | |
| 850 | 10/2012 | LPL Account Application F1BR Revised 1012 | SEC-LPLF-E-0042208_001-005 | |
| 851 | 10/2013 | LPL Account Application F1BR Revised 1013" | SEC-LPLF-E-0042209_001-005 | |
| 852 | 12/2013 | LPL Account Application F1BR Revised 1213 | SEC-LPLF-E-0042135_001-006 | |
| 853 | 7/2014 | LPL Account Application F1BR Revised 0714" | SEC-LPLF-E-0042364_001-007 | |
| 854 | 8/2014 | LPL Account Application F1BR Revised 0814" | SEC-LPLF-E-0042291_001-007 | |
| 855 | 3/17/2014 | TSP-75-Withdrawal Request/Trawick | SEC-TSP-E-00000081-83 | |
| 856 | 4/23/2014 | Jackson Delivery Receipt/Trawick | SEC-JNLIC-E-0138555 | |
| 857 | Undated | Notes/Davis | SEC-DavisL-E-0000115 | |

| 858 | Undated | Notes/Davis | SEC-DavisL-E-0000108 | |
| 859 | 9/30/2014 | Jackson Quarterly Statement/Davis | SEC-DavisL-E-0000113-114 | |
| 860 | 6/30/2014 | Jackson Quarterly Statement/Davis | SEC-DavisL-E-0000079-80 | |
| 861 | 3/31/2014 | Jackson Quarterly Statement/Davis | SEC-DavisL-E-0000025-27 | |
| 862 | 3/6/2014 | Printout from Jackson Website-Policy Detail/ Davis | SEC-DavisL-E-0000111-112 | |
| 863 | 12/8/2005 | Selling Agreement between Jackson National Life Insurance Company and LPL | SEC-JNLIC-E-0151489-505 | |
| 864 | 12/8/2005 | Selling Agreement between Jackson National Life Insurance Company of New York and LPL | SEC-JNLIC-E-0151506-522 | |
| 865 | 4/2012 | TSP-75 Election Data Form Completed/Valerie Kistler | Keystone 017231-239 | |
| 866 | 4/2012 | TSP-75 Election Data Form | Keystone 017920-928 | |
| 867 | Undated | Danny Hood Business Cards | | |

| 868 | 3/26/2013 | LPL Response to SEC Exam Request | LPL-01-0035480-83 | Competency, Relevancy, Hearsay |
|---|---|---|---|---|
| 869 | 6/25/2013 | LPL Response to SEC Exam Request letter, w/ attachments | LPL-01-0036650-52, LPL 01-0036642-49 | Competency, Relevancy, Hearsay |
| 870 | 9/8/2014 | LPL response to SEC Exam Request | LPL-01-0040645-47 | Competency, Relevancy, Hearsay |
| 871 | 9/5/2014 | LPL response to SEC Exam Request | LPL-01-0040638-41 | Competency, Relevancy, Hearsay |
| 872 | 10/1/2013 | SunAmerica Polaris Platinum III Prospectus | https://www.sec.gov/Archives/edgar/data/729522/000095012313007655/v20110e497.txt | |
| 873 | 4/30/2012 | MetLife Investors USA Separate Account A | https://www.sec.gov/Archives/edgar/data/356475/LEY000119312512204226/d341068d497.txt | |

| 874 | 1/9/2014 | Email from Hood to Curt Shannon re TSP Election Form w/ attachment | Inv. Ex. 62 | |
| 875 | 11/12/2014 | Email from Johnston to Danny Hood re PLP Business Card | LPL-01-002492 | |
| 876 | 10/24/2014 | Email from Christopher Laws to D. Das Re LNW Updates | LPL 01-0003239 | |
| 877 | 4/29/2014 | Email from Laws to T. Miller re Insurance License in a New State | SEC-MillerT-E-0000005-06 | |
| 878 | 2/1/2013 | Email from Cooke to Laws re Slides w/attachment : Meeting Slides | LPL-01-0008049-52 | |
| 879 | 2/21/2013 | Email from Cooke to Jackson re Ordering FEBC Business Cards w/attachment Business Cards | LPL-01-0003816-3823 | |
| 880 | 11/25/2014 | Email from Chen to Cooke; cc: Masterer  re Withdrawal Termination Letter – J. Cooke | LPL-01-0002762 | |
| 881 | 11/17/2014 | Email from Cook to Das re Questions | LPL-01-0003275 | |

| 882 | 12/2/2014 | Email from Cooke to Laws re test of LPL email" | LPL-01-0002882 | |
| 883 | 12/20/2012 | Email from Teubner to Laws, cc: Cooke re LPL Financial Annuity Review/Vigil | LPL-01-0007747 | |
| 884 | 11/12/2012 | Email from Cooke to rpmiller@nicep.org re NCEP Designation – Annual Certification Renewal | LPL-01-0007347-48 | |
| 885 | 9/25/2012 | Email from Cooke to Annuity Operations re Annuity Indemnification Account #/Divan | LPL-01-0006548 | |
| 886 | 12/20/2012 | Email from Cooke to A Brown re LPL Financial - Annuity Exception | LPL-01-0007780-81 | |
| 887 | 6/8/2015 | OPM Letter re Continued Misuse of Official Government Trademark | KEY2SEC002391-2406 | |
| 888 | 3/12/2014 | OPM Letter re Misuse Official Government Trademark | KEY2SEC002402-2406 | |
| 889 | 4/3/2014 | FEBC Letter Responding to OPM | KEY2SEC002399-2400 | |

| | | Letter re Misuse of Official Government Trademark | | |
|---|---|---|---|---|
| 890 | 7/10/2015 | FEBC Response to 6/8/2015 OPM Letter re Continued Misuse of Official Government Trademark | KEY2SEC0024 07-2410 | |
| 891 | Undated | Form Manifest and Important Information- Variable Annuity Purchase and Funding/Fawcett | SEC-Hoodcraft- E-0000035-57 | |
| 892 | 2/16/2010 | Commission Processing Mailbox – Documents Related to Cook | LPL-01- 0041120-1226 | |
| 893 | 10/18/2012 | Email from LPL Financial Governance, Risk & Compliance to Christopher Laws Re LPL Financial – Important Information for OSJ Manager Review | LPL-01- 0007126-7127 | |
| 894 | 2/24/2016 | Email from Dax Cooke to Christopher Laws re Mailer | SEC-FINRA-E- 0121820--22 | |

| 895 | Undated | LPL Financial Advisor Email Upgrade Project Questionnaire | LPL-01-0001333-348 | |
|-----|---------|-----------------------------------------------------------|--------------------|---|
| 896 | Undated | Compliance Outside Business Questionnaires | LPL-01-0032247-32252 | |
| 897 | 1/2/2014 | Email from Christopher Laws to Richmond Lamb re Client Files | LPL+01-0032134 | |
| 898 | 3-31-2014 | Quarterly Jackson Statement/Sobsey | SEC-JNLIC-E-0134504-06 | |
| 899 | 6/30/2014 | Quarterly Jackson Statement Sobsey | SEC-JNLIC-E-0134568-70 | |
| 900 | 9/30/2014 | Quarterly Jackson Statement/ Chapman | SEC-JNLIC-E-0016387-89 | |
| 901 | 12/31/2014 | Quarterly Jackson Statement/ Chapman | SEC-JNLIC-E-0016398-16401 | |
| 902 | 9/30/2014 | Quarterly Jackson Statement/ Dias | SEC-JNLIC-E-0028689—91 | |
| 903 | 9/30/2014 | Quarterly Jackson Statement/Wheeler | SEC-JNLIC-E-0143863-65 | |
| 904 | 12/31/2014 | Quarterly Jackson Statement/ Wheeler | SEC-JNLIC-E-143868-70 | |
| 905 | Undated | FEBC Annual Benefits Evaluation Survey with Envelope and Return Envelope | Amplifii 0000453, 0153, 0353, and 0355 | |

| 906 | 12/30/2013 | 2013 Commission Summary- Cooke Laws and Hood" | SEC-LPLF-E-0003127, LPL-01-0044908, SEC-LPLF-E-0002346 | |
| --- | --- | --- | --- | --- |
| 907 | 1/10/2014 | Email from Hood to R. Lopez re R. Lopez TSP Transition Specialist | SEC-LopezR-E 0000042-0044 | |
| 908 | Undated | Summary Exhibit: - Dax Cooke & Chris Laws Commissions from Certain Variable Annuity Sales | | |
| 909 | Undated | Jackson Variable Annuity Products<br><br>Jackson Booklet | SEC-LPL-JNL-005-001700 – 001726 | |
| 910 | 3/22/2014 | LPL Account Application/Sobsey (revised 12/13) | LPL 006520 – 6525 | |
| 911 | 2014 | Fee Comparison  for Certain FEBC Customers | | |
| 912 | 3/25//2014 | E-Mails between FEBC and Sobsey re Johnson Information w/Attachment | Native Version | |

| | | | SEC-SObseyRA-E-0000075 | |
|---|---|---|---|---|
| 913 | 3/11/2014 | TSP Withdrawal Notice | SEC-SobseyRA-E-0000266-67 | |
| 914 | 10/22/2012 | October 2012 Invoice-Postal and Federal/Amplifii | SEC-Amplidii-E-0000299 | |
| 915 | 3/31/2014 | March 2014 Invoice and Work Order-Federal/Amplifii | SEC-Amplidii-E-0000554-574 | |
| 916 | 4/25/2014 | April 2014 Invoice and Work Order-Federal/Amplifii | SEC-Amplidii-E-0000602-611 | |
| 917 | 5/31/2014 | May 2014 Invoice and Work Order-Federal/Amplifii | SEC-Amplidii-E-00000612-621 | |
| 918 | 6/30/2014 | June 2014 Invoice and Work Order-Federal/Amplifii | SEC-Amplidii-E-0000622-632 | |
| 919 | 3/10/2014 | June 2014 Invoice and Work Order-Federal/Amplifii | SEC-Amplidii-E-0000538-553 | |
| 920 | 12/3/2013 | Annuity Contract/Berzon | SEC-BerzonR-E-0000182; 0098-153 | |
| 921 | 12/3/2013 | Polaris Platinum Confirmation/Berzon | SEC-BerzonR-E-0000160-161 | |
| 922 | 3/31/2014 | March 2014 Berzon Account Statement/Berzon | SEC-BerzonR-E-0000074-79 | |

| 923 | 6/30/2014 | June 2014 Account Statement/Berzon | SEC-BerzonR-E-0000066-71 | |
| 924 | 9/30/2014 | September 2014 Berzon Account Statement/ Berzon | `SEC-BerzonR-E-0000060-65 | |
| 925 | 6/30/2015 | June 2015 Account Statement/Berzon | SEC-BerzonR-E-0000048-53 | |
| 926 | 9/30/2014 | September 30, 2014 Quarterly Statement /Fujii | SEC-FujiiS-E-0000002-04 | |
| 927 | 6/30/2015 | June 30, 2015 Quarterly Statement/Fujii | SEC-FujiiS-E-0000025-26 | |
| 928 | 9/30/2016 | September 30, 2016 Quarterly Statement /Fujii | SEC-FujiiS-E-0000005-0000006 | |
| 929 | 12/31/2017 | December 31, 2017 Quarterly Statement /Fujii | SEC-FujiiS-E-0000018-19 | |
| 930 | 4/10/2014 | Annuity Contract/Fujii | SEC-LPL 004-047042-139 | |
| 931 | 5/18/2015 | Contract History/Fujii | SEC-LPL 004-047210-214 | |
| 932 | 6/30/2014 | June 30, 2014 Quarterly Statement/Hager | SEC-LPL 004-052793-95 | |
| 933 | 9/30/2014 | September 30, 2014 Quarterly Statement/Hager | SEC-LPL 004-057298-99 | |
| 934 | 12/13/2014 | December 13, 2014 Quarterly Statement/Hager | SEC-LPL 004-052802-04 | |

| 935 | 01/26/2016 | Contract History/ Hager | SEC-LPL 004-052817-21 | |
| 936 | 3/4/2014 | Annuity Contract/Davis | SEC-LPL 004-026443-539 | |
| 937 | 5/18/2015 | Contract History/Davis | SEC-LPL 004-026593-599 | |
| 938 | 3/31/2014 | March 31, 2014 Quarterly Statement/Trawick | SEC-LPL 004-137456-58 | |
| 939 | 6/30/2014 | June 30, 2014 quarterly Statement/Trawick | SEC-LPL004-137597-98 | |
| 940 | 9/30/2014 | September 30 2015 Quarterly Statement/ Trawick | SEC-LPL 004-137603-04 | |
| 941 | 5/18/2015 | Contact History/Jackson | SEC-LPL 004-028505-17 | |
| 942 | 5/18/2015 | Contract History/Sobsey | SEC-LPL 004-133660-74 | |
| 943 | 5/18/2015 | Contract History/Romanelli | SEC-LPL 004-117835-39 | |
| 944 | 9/30/2014 | 9/30/2014 Jackson Account Statement/ Romanelli | SEC-LPL 004-117803-05 | |
| 945 | 12/30/2014 | 12/30/2014 Jackson Account Statement/Romanelli | SEC-LPL 004-117808-10 | |
| 946 | Undated | Form Manifest and Important Information-Variable Annuity Purchases & Funding/Pollack | SEC-Hoodcraft-E-0002094-2122 | |

| 947 | Undated | Form Manifest and Important Information-Variable Annuity Purchases & Funding/Pixley | SEC-Hoodcraft-E-0001812-1831 | |
| 948 | Undated | From Manifest and Important Information-Variable Annuity Purchases and Funding /Yan | SEC-Hoodcaft-E-0001780-1808 | |
| 949 | 4/12 | GMWB Brochure 4.12 | SEC-LPL JNL 005-000445-56 | |
| 950 | 9/14 | GMWB Brochure 9.14 | SEC-LPL JNL 005-001678-89 | |
| 951 | 4/13 | Income Upgrade Brochure 4.13 | SEC-LPL JNL 005-003879-80 | |
| 952 | 4/14 | Income Upgrade Brochure 4.14 | SEC-LPL JNL 005-001658-59 | |
| 953 | 5/17/2016 | Email from Paglione to Cooke Re Advertising Sales Material (email from Dowling) | SEC-FINRA-E-0057332-343 | |
| 954 | 6/6/2016 | Email from Laws to McDowell, cc: Dowling re Advertising Sales Materials | SEC-FINRA-E-0174188-89 | |
| 955 | 11/3/2014 | Brandon Long letter to Barlow re: Jackson Policy (encl.) | | Inv. Ex 56 |
| 956 | 7/18/2014 | LPL Financial Letter to Kathy Wheeler re Account | SEC-WheelerK-E-0000026-31 | |

| 957 | 10/24/2014 | Christopher Laws Account Application | SEC-LPLF-E-000520-26 | Inv. Ex 102 |
| 958 | 7/24/2014 | Jackson National – Perspective II & Variable Annuity / Kathy Wheeler | SEC-JNLIC-E-0143849-50 | |
| 959 | 1/1/2015 | Jackson National – Quarterly Statement/Kathy Wheeler | SEC-JNLIC-E-0143875-76 | |
| 960 | 4/2012 | Jackson National - TSP-75 Election Forms / Jan Barlow | SEC-BARLOWI-E-0000002-09 | |
| 961 | Undated | TSP Analysis/Jan Barlow | SEC-BARLOWI-E-0000010-19 | |
| 962 | Undated | TSP-75 Election/Jan Barlow | SEC-BARLOWI-E-0000020-21 | |
| 963 | 10/17/2014 | Email from Cooke to Roger Kuhnle re: TSP-75 Rate Change | KEYSTONE 019392 | |
| 964 | 9/10/2014 | Mortensen to D. Hood re: Jackson Rate Change | KEYSTONE 021499-500 | |
| 965 | 4/21/2014 | Jackson Variable Annuity Update | SEC-LPL JNL 005-004149-51; 004168-70; 001747-48; 003537-39; 001856-57; 003757-59; | |

94

| | | | 001860-61;<br>001777-78;<br>003760-62;<br>003604-06;<br>001876-78;<br>003803-05 | |
|---|---|---|---|---|
| 966 | 8/4/2014 | Signature Pages/Wheeler | SEC-WHellerK-E-0000003-10 | |
| 967 | Undated | Jackson National Life Insurance Company – LIFEGUARD FREEDOM FLEX (7% BONUS WITH ANNUALSET-UP) | SEC-DavisL-E-0000143 | |
| 968 | Undated | Jackson Nation Life Insurance Company - Investment Guide | SEC-DavisL-E-0000144-63 | |
| 969 | 7/31/2014<br><br>8/4/2014 | Jackson Letter re Account Funded/Wheeler<br><br>Jackson Delivery Receipt/Wheeler | SEC-WheelerK-E-0000022;<br><br>SEC-WheelerK-E-0000001-0000010 | |
| 970 | Not Dated | Election Form "Christopher S. Laws, CFP | SEC-ChapmanR-E-0001020 | |
| 971 | 7/10/2014 | E-mail from Robb Chapman to Susan Katz re Retirement Counsellor | SEC-ChapmanR-E-0001003 | |

| 972 | Undated | Annual Federal Benefits Evaluation/Romanelli | Keystone 004968 | Authenticity, Competency, Relevancy, Hearsay |
|---|---|---|---|---|

## ATTACHMENT I-1

### Plaintiff's Proposed Verdict Form

### VERDICT FORM

We, the jury, unanimously find as follows on the claims asserted by Plaintiff Securities and Exchange Commission ("SEC"):

### Violation of Section 10(b) of the Exchange Act and Rule 10b-5

1.      Did Keystone Capital Partners (d/b/a FEBC) violate Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), or Rule 10b-5 under the Exchange Act?

_____ Yes                              _____ No

2.      Did Cooke violate Section 10(b) of the Exchange Act and Rule 10b-5(a) promulgated thereunder?

_____ Yes                              _____ No

3.      Did Cooke aid and abet any violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder?

_____ Yes                              _____ No

4.      Is Cooke liable as a control person for any violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder?

_____ Yes                    _____ No

## Violation of Section 17(a) of the Securities Act

5.      Did Keystone violate Section 17(a)(1) of the Securities Act of 1933 ("Securities Act")?

_____ Yes                    _____ No

6.      Did Cooke violate Section 17(a)(1) of the Securities Act?

_____ Yes                    _____ No

7.      Did Keystone violate Section 17(a)(3) of the Securities Act?

_____ Yes                    _____ No

8.      Did Cooke violate Section 17(a)(3) of the Securities Act?

_____ Yes                    _____ No

2

9.      Did Cooke aid and abet violations of Section 17(a) of the Securities

Act?

_____ Yes                                _____ No

## **Section 17(a) of the Exchange Act and Rule 17a-4(b)(4)**

10.     Did Cooke aid and abet any violations of Section 17(a) of the

Exchange Act and Rule 17a-4(b)(4)?

_____ Yes                                _____ No

3